# IASIGI *v.* VAN DE CARR.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 746. Argued March 22, 1897. — Decided April 5, 1897.

Iasigi, Consul General of Turkey in Boston, was arrested in New York, February 14, 1897, on a warrant issued by a magistrate of the latter city, to await the warrant of the governor of New York on the requisition of the governor of Massachusetts for his surrender as a fugitive from justice in that State, where he was charged with having committed the crime of embezzlement. On the 18th of February he applied to the District Court of the United States for a writ of *habeas corpus*, on the

ground that the proceedings before the city magistrate were without authority or jurisdiction, because of his consular office. The writ was issued and a hearing had March 12. The District Court dismissed the writ, and remanded the prisoner, from which judgment an appeal was taken. On the 19th of March the State Department was informed that Iasigi had been removed from his consular office by the Turkish government on the 9th of that month. *Held*, that the order of the District Court remanding him to custody was not erroneous.

*Nishimura Ekiu* v. *United States*, 142 U. S. 651, followed to the point that the object of a writ of *habeas corpus* is to ascertain whether the prisoner applying for it can be legally detained in custody ; and if sufficient ground for his detention be shown, he is not to be discharged for defects in the original arrest or commitment.

THE case is stated in the opinion.

*Mr. Frederic R. Coudert, Jr.*, for appellant. *Mr. Charles Frederic Adams* and *Mr. David Keane* were on his brief.

*Mr. John D. Lindsay* for appellee. *Mr. W. M. K. Olcott* and *Mr. Albert Stickney* were on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Joseph A. Iasigi, a native born citizen of Massachusetts, was arrested, February 14, 1897, on a warrant issued by one of the city magistrates of the city of New York, as a fugitive from the justice of the State of Massachusetts, charged with having committed the crime of embezzlement in that State, and, upon examination, was committed, February 16, to the custody of the warden and keeper of the city prison of the city of New York to await the warrant of the governor of New York on the requisition of the executive authority of the State of Massachusetts for his surrender as such fugitive, pursuant to Part six, Chapter I of Title 4, of the Code of Criminal Procedure of New York, §§ 828, 830.

On the 18th of February he filed a petition for the writ of *habeas corpus* in the District Court of the United States for the Southern District of New York, to procure his release from custody, which averred that he was the Consul General of the Sultan of Turkey at Boston, duly recognized as such

by the government of the United States; that the embezzle-
ment was charged to have occurred on July 1, 1892; that he
had never been indicted by a grand jury for the commission
of any crime; that he was arrested while on a visit to New
York, where access was impossible to his books and papers to
vindicate himself; and that the proceedings before the city
magistrate were without authority or jurisdiction because of
his consular office.

The writ was issued and a hearing had, and on the twelfth
day of March the District Court entered an order dismissing
the writ and remanding Iasigi to custody. From this order
an appeal was allowed to this court.

The contention of petitioner was that no court of the State
of Massachusetts had jurisdiction to entertain a criminal prose-
cution against him by reason of the matters specified in the
commitment, jurisdiction being vested, because of his official
position, exclusively in the Federal courts; but the conclusion
of the District Court rested on the ground that whatever im-
plications in favor of exclusive Federal jurisdiction might be
claimed, they were in no way incompatible with the prelimi-
nary arrest by the magistrate for removal to the State where
the crimes charged against him were alleged to have been
committed, and where all questions as to the proper tribunal
for trial could be more properly heard and determined.

On the argument in this court, it appeared from a com-
munication from the Assistant Secretary of State, under date
of March 19, that Iasigi had been removed from his consular
office, and that all official connection between him and the
Turkish government had been severed, as the Department
of State had been officially informed by the Turkish minister
on the ninth of March.

Therefore when the order remanding Iasigi to the custody
of the state officer was entered, he was not holding a consular
office, and the supposed objection to his detention for extradi-
tion to Massachusetts did not exist.

As under § 761 of the Revised Statutes it is the duty of
the court, justice or judge granting the writ, on hearing, "to
dispose of the party as law and justice require," the question

at once arises whether the order of the District Court dismissing the writ should be reversed, and petitioner absolutely discharged, because the objection existed when the writ issued, although it did not when the order was entered, even if such an objection were ever tenable, which we do not intend in the slightest degree to intimate it could be.

If the application for the writ had been made on the twelfth of March, it could not have been awarded, on the ground alleged in this petition, and as, on that day, the petitioner could not have been discharged on that ground, in accordance with the principles of law and justice, we are unable to hold that the order of the District Court was erroneous. *Ex parte Royall,* 117 U. S. 241 ; *Ex parte Watkins,* 3 Pet. 193, 201; *Ex parte Milligan,* 4 Wall. 2, 111.

In *Ex parte Hitz,* 111 U. S. 766, an application was made for a writ of certiorari commanding the Supreme Court of the District of Columbia to certify to this court an indictment, and the proceedings thereunder, against Hitz in that court, on the ground that when the indictment was filed and when the offences charged thereunder were committed, he was the diplomatic representative of the Swiss Confederation duly accredited and recognized by the United States under the title of Political Agent. It appeared that Hitz was for many years the Consul General of the Swiss Confederation within the United States, and was also accredited to the United States by the same government as Political Agent. On the 30th of May, 1881, he was requested by the Swiss government to resign both these offices, and this he did on the 15th of June. The indictment was filed on the 17th of June, and on the 20th of June his resignations were accepted. The writ of certiorari was denied.

In *Nishimura Ekiu* v. *United States,* 142 U. S. 651, the writ of *habeas corpus* was sued out May 13, 1891, by a female subject of the Emperor of Japan, detained at San Francisco by a state inspector of immigration, with the approval of the collector, for the reason that, under existing laws, she should not be permitted to land in the United States. After the issue of the writ, and before a hearing, and on May 14, one

John L. Hatch was appointed United States inspector of immigration at that port, who, on May 16, made the inspection and examination required by the act of March 3, 1891, c. 551, which he reported to the collector, and, on May 18, he intervened in opposition to the writ of *habeas corpus*, stating his doings and insisting that under the act his finding and decision were reviewable by the superintendent of immigration and the Secretary of the Treasury only. The Circuit Court sustained the intervention and remanded petitioner, and its order was affirmed on appeal by this court. It was said by Mr. Justice Gray, delivering the opinion, that: "A writ of *habeas corpus* is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can legally be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment."

The proceeding here was a state proceeding in aid of a prosecution for the violation of state laws, and under such circumstances the courts of the United States may exercise a discretion in determining the question of discharge. *Cook* v. *Hart*, 146 U. S. 183.

And we think the case falls within the principle of the rule laid down in *Nishimura Ekiu* v. *United States*.

*Order affirmed.*