# KELLY *v.* GRIFFIN, JAILER OF LAKE COUNTY, ILLINOIS.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 777. Argued April 6, 7, 1916.—Decided April 17, 1916.

That the arrest by state or municipal authorities is illegal does not affect the jurisdiction of a United States Extradition Commissioner.

The omission of a formal act of release of one held under an illegal arrest by state authorities and of a subsequent formal and legal arrest thereafter by a United States Marshal under an extradition warrant *held*, under the circumstances of this case, not to furnish grounds for release on *habeas corpus*, it not appearing that a different rule applies in the demanding country.

In this case *held* that the complaint charging the person demanded with having committed in Canada perjury, obtaining money under false pretenses and receiving stolen property, states offenses of perjury and obtaining money by false pretenses within the meaning of the extradition provisions of the treaty with Great Britain both in Canada where the offenses were committed, and in Illinois where the person demanded was arrested; but *quære* whether it does state an offense of receiving stolen property which is a crime in both jurisdictions.

Where the complaint properly charges an offense included in the extradition treaty and also charges one that is not included, the court will not release on *habeas corpus*, but will presume that the demanding country will respect an existing treaty and only try the person surrendered on the offenses on which extradition is allowed.

THE facts, which involve the validity of an order for extradition under the treaties with Great Britain, are stated in the opinion.

*Mr. John S. Miller*, with whom *Mr. Edward Osgood Brown* and *Mr. Pierce Butler* were on the brief, for appellant:

The United States Commissioner did not have jurisdiction of the person of appellant.

Appellant's arrest and detention without warrant were unlawful. Rev. Stat., § 5270; *Ex parte Cohen,* 8 Can. Cr. Cas. 312; *Re Dickey, Id.* 318; *State* v. *Shelton,* 79 N. Car. 605, 607–608; *Malcolmson* v. *Scott,* 56 Michigan, 459; *Scott* v. *Eldridge,* 154 Massachusetts, 25; *Harris* v. *Louisville &c. Ry.,* 35 Fed. Rep. 116; *Kurtz* v. *Moffitt,* 115 U. S. 487.

Appellant could not lawfully be turned over by the Chicago police officers to, or be lawfully taken from them by the United States marshal. He should have been set at liberty from such illegal arrest and detention before he could be lawfully arrested on the Commissioner's warrant. *Ex parte Cohen, supra; Hooper* v. *Lane,* 6 H. L. Cas. 443; *Mandeville* v. *Guernsey,* 51 Barb. 99.

The enactment by the Parliament of the Dominion of Canada of a statute which gives to a different moral offense, which is not a crime in Illinois or in the United States or at common law,—the name of a crime mentioned in an extradition treaty with Great Britain does not bring such different moral offense within the provisions of the treaty.

Such an enactment, however, has been made in the Criminal Code of Canada, and it is under it that the extradition of the petitioner for perjury is sought.

By the common law, by the statutes of the United States and by the statutes of Illinois, where the petitioner was seized, a false statement under oath to be "perjury" must be material to the issue pending. Coke 3d Inst. 167; Archbold's Cr. Pl. Ev. & Pr., 24th ed. 1160; *R.* v. *Townsend,* 10 Cox, 356; § 225, Crim. Code Illinois; § 125, Crim. Code U. S.

By the statutes of Canada "perjury" is a false statement under oath in a judicial proceeding whether said statement is material or not. This makes the offense against the laws of Canada, there denominated "per-

jury"—an entirely different thing from the crime of "perjury" known to the common law, to the statutes of Illinois, or to the statutes of the United States.

The extraditable crime named in the Convention of 1889, enlarging the Webster-Ashburton Treaty of 1842, as "perjury," is the common-law crime of "perjury," the definition of which is the same as that given of "perjury" in the statutes of Illinois and of the United States and of the United Kingdom. Ch. 6 of 1 & 2, Geo. V.

By indirection in 1869 and directly in 1892 and again in 1906, the Dominion Parliament denominated as "perjury" a moral dereliction which was not and is not a crime at common law, nor by the statutes either of Great Britain or of the United States or of any of them.

This did not affect the meaning of the term "perjury" as used in the Convention of 1889. Statutes of Canada, 1869, Ch. 23, 32–33 V.; 1886, Ch. 154, § 5; 1892, Ch. 29–55 & 56 V.; 1906, Ch. 146, § 170.

Not only must an offense be named in the treaty as extraditable, it must also be considered a crime in both the demanding and surrendering country. *Wright* v. *Henkel*, 190 U. S. 58.

Thus the offense denominated "perjury" in Canada is not in the United States a crime.

It is not an answer that the Commissioner or court in the United States might have considered the false statement probably material to the matter under investigation by the Canadian Committee.

If extradited for "perjury" the petitioner may be tried and condemned in Canada without proof or in the face of disproof of that which constitutes "perjury" in the United States. It is impossible to extradite for "perjury" from the United States to Canada and avoid this situation. Extradition from the United States to Canada for this alleged crime is therefore not permissible. *United States* v. *Rauscher*, 119 U. S. 407.

The alleged false statement of appellant on which the charge of perjury is based was not under oath.

The Public Accounts Committee was without power or authority to examine him under oath, with respect to the matter testified about.

The tribunal must have had jurisdiction of the cause in which the oath was administered, and this committee lacked that jurisdiction. *People* v. *Pankey*, 1 Scam. 80; *Maynard* v. *People*, 135 Illinois, 416; *Hereford* v. *People*, 197 Illinois, 222.

The complaints and the competent evidence before the Commissioner did not show probable cause that appellant was guilty of the crime of obtaining money by false pretenses—(1) under the law of Canada; and (23) under the law of Illinois. Crim. Code Canada, § 404; Rev. Stat. Illinois, Ch. 38, § B 16; *Jackson* v. *People*, 122 Illinois, 139, 149; *Moore* v. *People*, 190 *id.* 333, 335.

The complaints and the competent evidence before the Commissioner did not show probable cause of the commission by appellant of the crime of embezzlement, or larceny or receiving of money, valuable securities or other property, knowing the same to have been embezzled, stolen or fraudulently obtained.

*Mr. Almon W. Bulkley* and *Mr. Henry B. F. Macfarland*, with whom *Mr. Clair E. More* was on the brief, for appellees:

The Webster-Ashburton Treaty, the Blaine-Pauncefote Treaty, and the supplement thereto, as are treaties of this character, are executory, and the duty to perform is imposed upon the executive, not the judicial, department. *Terlinden* v. *Ames*, 184 U. S. 270, 288.

*Habeas corpus* is to determine whether prisoner is lawfully detained. *Nishimura Ekiu* v. *United States*, 142 U. S. 651.

If committing magistrate has jurisdiction, the offense

charged is within the twenty, and if the magistrate has before him competent legal evidence his decision will not be reviewed on *habeas corpus.* *Terlinden* v. *Ames,* 184 U. S. 270–288; *Ornelas* v. *Ruiz,* 161 U. S. 502–508; *Bryant* v. *United States,* 167 U. S. 104; *Yordi* v. *Nolte,* 215 U. S. 227; *Nishimura Ekiu* v. *United States,* 142 U. S. 651–652; *McNamara* v. *Henkel,* 226 U. S. 520; *Ex parte Yarborough,* 110 U. S. 651–653.

A preliminary complaint on information and belief is not unlawful. *Yordi* v. *Nolte,* 215 U. S. 227.

It is immaterial how Commissioner obtains jurisdiction of person. Cases *supra* and *Wright* v. *Henkel,* 190 U. S. 40; *Iasigi* v. *Van De Carr,* 166 U. S. 391; *In re McDonald,* 11 Blatchf. 170; *Kelly* v. *Thomas,* 81 Massachusetts, 192; *Pettibone* v. *Nichols,* 203 U. S. 192; *Mahon* v. *Justice,* 127 U. S. 712; *Ker* v. *Illinois,* 119 U. S. 437.

It is not material what the Canadian statute of perjury is if the perjury charged comes within the terms of the Treaty and United States law. *Grin* v. *Shine,* 187 U. S. 180; *In re Luis Oteiza,* 136 U. S. 330; *Bryant* v. *United States,* 167 U. S. 104; *Benson* v. *McMahon,* 127 U. S. 457; *Ornelas* v. *Ruiz,* 161 U. S. 502–508.

The Canadian Code is the equivalent of the Illinois and United States statutes regarding perjury. 22 Amer. & Eng. Ency. 684; 2 Wharton's Crim. Law (9th ed.), § 1244; *United States* v. *Landsberg,* 23 Fed. Rep. 585; *Regina* v. *Overton,* 2 Moody's Crown Cases, 336–340; *State* v. *Rosenberg,* 92 Atl. Rep. 145; *Dilcher* v. *State,* 39 Oh. St. 130.

The evidence showed materiality of alleged false assertions.

The regularity of appointment or procedure of Public Accounts Committee is not material in this proceeding. *Maynard* v. *People,* 135 Illinois, 416; *Greene* v. *People,* 182 Illinois, 178, 282.

The alleged defect was waived by Kelly's appearing and

testifying without objection or protest. *Maynard* v. *People*, 135 Illinois, 416, 430.

The evidence shows sufficient facts for jurisdiction.

Whether anyone was deceived or relied on alleged false pretenses is a question of fact not reviewable here. *McNamara* v. *Henkel*, 226 U. S. 520, and cases cited; *Thomas* v. *People*, 113 Illinois, 531–537; *Keys* v. *People*, 197 Illinois, 638–641; *People* v. *Goodhart*, 248 Illinois, 373.

The evidence was sufficient to sustain false pretenses.

Embezzlement, larceny, receiving money knowing it to have been embezzled, stolen or fraudulently obtained, is within treaty, and is a crime in both countries. *United States* v. *Gaynor*, 146 Fed. Rep. 766; *Greene* v. *United States*, 154 Fed. Rep. 401; *Greene* v. *United States*, 207 U. S. 596.

See also the following statutes: § 170, Can. Crim. Code (perjury); § 225, Ch. 38 Rev. Stat. Ill. (perjury); § 5392 of the U. S. Statutes (perjury); §§ 404, 405 and 406, Can. Crim. Code (false pretenses); § 96, Ch. 38, Rev. Stat. Ill. (false pretenses); § 347 and sub-secs., Can. Crim. Code (theft); § 359 and sub-sec. (c), Can. Crim. Code (theft by employee of government or municipality); §§ 399, 400 and 402, Can. Crim. Code (receiving stolen property); § 167, Ch. 38 Rev. Stat. Ill. (Larceny); § 74, Ch. 38, Rev. Stat. Ill. (embezzlement); § 80, Ch. 38, Rev. Stat. Ill. (embezzlement or fraudulent conversion by state or municipal officer); § 239, Ch. 38, Rev. Stat. Ill. (receiving stolen goods); §§ 5438, 5497, Rev. Stat. U. S. (false or fraudulent claims against the Government).

MR. JUSTICE HOLMES delivered the opinion of the court.

The appellant was held for extradition to Canada and petitioned for and obtained a writ of *habeas corpus*. After a hearing upon the returns to the writ and to a writ of certiorari issued to the Commissioner by whose warrant the

petitioner was detained, the District Judge discharged the writ. An appeal was allowed and several objections have been pressed to the proceeding, which we will take up in turn. The matter arises out of frauds in the construction of the new parliament buildings at Winnipeg, in which Kelly the contractor and a number of public men are alleged to have been involved.

First it is said that jurisdiction of the appellant's person has not been obtained legally. On October 1, 1915, he was arrested without a warrant, on a telegram from Winnipeg. The next day a complaint was made before the Commissioner by the British Vice-Consul General in Chicago upon information and belief, a warrant was issued, and the petitioner was turned over to the United States Marshal by the Chicago police. On October 15 a new complaint was filed by the British Consul General, a new warrant was placed in the hands of the marshal and the former complaint was dismissed. *Wright* v. *Henkel*, 190 U. S. 40, 42, 44, 63. The contention is that the original arrest was illegal and that the appellant was entitled to be set at liberty before the warrant of October 2 or that of October 15 could be executed with effect.

But however illegal the arrest by the Chicago police it does not follow that the taking of the appellant's body by the marshal under the warrant of October 2 was void. The action of the officers of the State or city did not affect the jurisdiction of the Commissioner of the United States. Furthermore the order dismissing the complaint of October 2 was that the appellant be discharged forthwith from custody; so that on the face of the record it would seem that before being held under the present warrant the appellant had the moment of freedom which he contends was his right. It is urged that the Canadian authorities are trying to take advantage of their own wrong. But the appellant came within reach of the Commissioner's warrant by his own choice, and the most that can be said

is that the effective exercise of authority was made easier by what had been done. It was not even argued that the appellant was entitled to a chance to escape before either of the warrants could be executed. This proceeding is not a fox hunt. But merely to be declared free in a room with the marshal standing at the door having another warrant in his hand would be an empty form. We are of opinion that in the circumstances of this case as we have stated them the omission of a formal act of release and a subsequent arrest, if they were omitted, furnishes no ground for discharging the appellant upon *habeas corpus.* All the intimations and decisions of this Court indicate that the detention of the appellant cannot be declared void. *Pettibone* v. *Nichols,* 203 U. S. 192. *Iasigi* v. *Van De Carr,* 166 U. S. 391, 393, 394. *Ekiu* v. *United States,* 142 U. S. 651, 662. If we were satisfied that a different rule would be applied by the final authority in Great Britain other questions would arise. *Charlton* v. *Kelly,* 229 U. S. 447. But we are not convinced by anything that we read in *Hooper* v. *Lane,* 6 H. L. C. 443, that a different rule would be applied and we think it unnecessary to discuss the differences in detail.

The complaint of October 15 charges perjury, obtaining money by false pretenses, and, conjointly, stealing or embezzling and unlawfully receiving money and other property of the King which had been embezzled, stolen or fraudulently obtained by means of a conspiracy as set forth. The perjury alleged is swearing falsely to the proportion of cement sand and broken stone put into the caissons of the new parliament buildings at Winnipeg, in a judicial proceeding before the Public Accounts Committee of the Legislative Assembly of the Province of Manitoba, the appellant knowing his statements to be false. It is objected that although perjury is mentioned as a ground for extradition in the treaty, the appellant should not be surrendered because the Canadian Criminal Code, § 170,

defines perjury as covering false evidence in a judicial pro-
ceeding 'whether such evidence is material or not.' As
to this it is enough to say that the assertions charged
here were material in a high degree and that the treaty
is not to be made a dead letter because some possible
false statements might fall within the Canadian law that
perhaps would not be perjury by the law of Illinois. "It
is enough if the particular variety was criminal in both
jurisdictions." *Wright* v. *Henkel,* 190 U. S. 40, 60, 61.
There is no attempt to go beyond the principle common to
both places in the present case. It is objected further that
although the above committee was authorized to examine
witnesses upon oath it was only in 'such matters and things
as may be referred to them by the House.' But even if
there were not some evidence and a finding, *Ornelas* v.
*Ruiz,* 161 U. S. 502, 509, the nature of the investigation,
the purposes for which the committee was appointed, and
the fact that the appellant appeared before it without
objection would warrant a presumption of regularity in a
summary proceeding like this.

The plan for the foundations of the buildings was
changed from piling called for by the written contract to
caissons filled with concrete and the false representations
alleged concern the amount of concrete, lumber, iron
rings and bolts used in the extra work. They consisted
in bills or 'progress estimates' addressed to the Provincial
Government for 'labor and materials supplied,' setting
forth the amount of each item thus stated to have been
supplied. It is objected that the amounts demanded by
the bills were paid not upon the bills but upon vouchers
coming from the Department of Public Works, and that
the provincial architect who certified the bills was not
deceived. The person who made out the certificates
relied upon the bills in good faith, and it appears that
without the bills the payments would not have been made.
The fact that there were other steps necessary in addition

to sending in a false account, or that other conspirators coöperated in the fraud, does not affect the result that on the evidence Kelly obtained the money from the Provincial Government by fraudulent representations to which he was a party and that his false statement was the foundation upon which the Government was deceived.

The last charge, stealing or embezzling and receiving money fraudulently obtained needs a word of explanation. It may be assumed that there is no evidence of larceny or embezzlement as (commonly) defined, but the receiving of property known to have been fraudulently obtained is a crime by the laws of both Canada and Illinois. There may be a doubt whether the appellant, if a party to the fraud, received the money of the Government directly from it, or through a third hand so as to be guilty under this count of the complaint. We are not prepared to pronounce his detention upon the count unjustifiable in view of the finding. We assume, of course, that the Government in Canada will respect the convention between the United States and Great Britain and will not try the appellant upon other charges than those upon which the extradition is allowed. Therefore we do not think it necessary to require a modification of the complaint before the order discharging the writ of *habeas corpus* is affirmed.

*Final order affirmed.*