### DAY v. KEIM, Sheriff, et al.

(Circuit Court of Appeals, Fourth Circuit. November 17, 1924.)

No. 2305.

**1. Extradition ⊕=36—Arrest may be made without warrant to await requisition from another state.**

A person may lawfully be arrested without warrant by a peace officer of one state and held for the reasonable time necessary to enable a requisition to be made for him by another state.

**2. Habeas corpus ⊕=92(2)—Warrant issued after filing of petition may be considered.**

In habeas corpus proceedings for discharge of a state prisoner held without a warrant, the court may consider a warrant issued and served after filing of the petition.

**3. Extradition ⊕=21—Habeas corpus ⊕=45 (3)—Proceedings for interstate extradition governed by federal statute, and federal courts have jurisdiction of habeas corpus proceeding.**

Proceedings for interstate extradition are governed by Rev. St. § 5278 (Comp. St. § 10126), and a prisoner held contrary to the provisions of that statute is detained in violation of the Constitution and laws of the United States and may invoke the jurisdiction of a federal court by writ of habeas corpus to inquire into the legality of his detention.

**4. Habeas corpus ⊕=103—Petition for writ by one held for interstate extradition should be retained until proceedings are lawfully concluded.**

Where one held by state authorities for extradition to another state applies to a federal court for a writ of habeas corpus, alleging that his unlawful removal is threatened, the court should retain jurisdiction and suspend the hearing for such reasonable time as required to enable the states to complete the proceedings for his lawful extradition, and, if such action is not taken, discharge the petitioner.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Petition by B. W. Day against W. H. Keim, Sheriff, and others, for writ of habeas corpus. Writ discharged, and petitioner appeals. Reversed and remanded, with directions.

A. M. Cunningham, of Elkins, W. Va., for appellant.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The appellant has appealed from the discharge of the writ of habeas corpus he had applied for below and his remand to the custody of the respondents, the sheriff and jailer of Randolph county, W. Va. He will be referred to as the petitioner. His original petition was sworn to on August 20th last, and was filed on the next day. In it he alleged that he was arrested on the 19th upon a telegram from the chief of police of Cleveland, Ohio, asking that he be arrested and held because he had in Cleveland given a check for $15 to a hotel when he had no funds in the bank on which he had drawn it. When arrested he was asked whether he was willing to go to Ohio to answer the charge, and at first he said, "Yes," but after having obtained the advice of counsel he said he would not go unless he was properly extradited. Nevertheless he averred that some Ohio officer was then on his way to get and take him to Ohio without any extradition warrant from the Governor of West Virginia. The writ duly issued. The return of the respondents was filed on the 23d and set up that the petitioner was held by them in virtue of a committment directed to the respondents by a justice of the county, committing him for further hearing upon the charge of having on June 13, 1924, unlawfully, knowingly, and falsely delivered to the Hotel Cleveland, Cleveland, Ohio, a check signed by him and drawn upon the Davis Trust Company, of Elkins, W. Va. After a hearing, the learned judge below declined to discharge the petitioner, dismissed his petition, and remanded him to the custody of the respondents. Thereupon the petitioner took this appeal and was admitted to bail pending the action of this court.

[1-3] The contention of the petitioner that he could not lawfully be arrested without a warrant by a peace officer of West Virginia for detention for the reasonable time necessary to enable a requisition for him to be regularly made cannot be sustained. Burton v. New York Central & Hudson River Railroad Co., 245 U. S. 315, 38 S. Ct. 108, 62 L. Ed. 314; Kurtz v. Moffitt, 115 U. S. 487, 504, 6 S. Ct. 148, 29 L. Ed. 458. Nor is there any better foundation for his claim that the learned court below was not justified in considering the warrant granted in the interval between the filing of his petition and the respondents' return to the writ of habeas corpus. Nishimura Ekiu v. United States, 142 U. S. 651, 12 S. Ct. 336, 35 L. Ed. 1146; Iasigi v. Van De Carr, 166 U. S. 391, 17 S. Ct. 595, 41 L. Ed. 1045; Kelly v. Griffin, 241 U. S. 6, 36 S. Ct. 487, 60 L. Ed. 861. Whether the court was right in dismissing his petition depends upon other considerations. The intention of the framers of article 4 of the Constitution was to embrace fully the subject of the rendition between the states of fugitives from justice and to confer authority upon Congress to deal with

that subject. Innes v. Tobin, 240 U. S. 127, 36 S. Ct. 290, 60 L. Ed. 562. The act now codified as section 5278 of the Revised Statutes (Comp. St. § 10126) was enacted for the purpose of controlling the subject of interstate rendition, and its provisions were intended to be dominant and as far as they operated controlling and exclusive of state power. Id.

One who is held in custody contrary to the provisions of that statute is therefore detained in violation of the Constitution and laws of the United States, and the District Court has jurisdiction to inquire into the cause of his detention and, if it be found insufficient, to discharge him. The proceedings for extradition are executive functions. In re Leary, 15 Fed. Cas. 106, No. 8162. The reasons given in Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868, and the many cases which have followed it, why the federal courts may and in their discretion frequently should decline to take a petitioner out of the custody of state courts so long as there is any probability that he will be able successfully to assert his constitutional rights before those tribunals, do not apply to petitions for habeas corpus by persons held for interstate extradition. For at least 80 years such jurisdiction has been freely exercised. In the forties of the last century, Joseph Smith, the founder of Mormonism, obtained from the Circuit Court of the United States for the District of Illinois a writ of habeas corpus to prevent his removal to Missouri under a warrant of extradition issued by the Governor of Illinois. A grand jury of a Missouri county had indicted Smith as an accessory before the fact to an attempted murder in their bailiwick. Extradition proceedings followed and they culminated in the warrant of the Governor of Illinois. It was not alleged that Smith had been in Missouri at or before, or even after, the commission of the alleged offense. Indeed, it was conceded that whatever he had done had been done in Illinois. He was therefore not a fugitive from the justice of Missouri, and he was accordingly discharged by United States District Judge Pope. Ex parte Smith, 22 Fed. Cas. p. 373, No. 12968.

To give as much as the names of the literally scores of cases in which the same jurisdiction has been since exercised would be to waste time and space. It may, however, be worth while to call attention to the fact that while a person held in custody for extradition is in a sense detained under or by color of the authority of the United States, he is not in the custody of federal officials or held under a warrant of its courts. Ableman v. Booth, 21 How. 506, 16 L. Ed. 169, in its denial of the right of state courts to inquire by habeas corpus into the legality of federal arrests is without application. The state and federal courts in such matters have concurrent jurisdiction. Robb v. Connolly, 111 U. S. 624, 4 S. Ct. 544, 28 L. Ed. 542.

As a corollary it follows that if the accused has first invoked the aid of the state tribunals, the courts of the United States under ordinary circumstances require him to exhaust his remedies in them before seeking the interposition of the Federal power. Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073.

[4] The law being settled as stated above, we think that the petitioner was entitled to ask the court below to retain jurisdiction of his application so long as was necessary to insure that he should not against his will be removed into Ohio by state officials in violation of his constitutional rights, as he alleges they threatened to do. On the other hand, he should not have been summarily discharged from custody. His petition for habeas corpus was filed before the Governor of West Virginia had any hearing upon the extradition proceedings or indeed before there had been time for any application to the Governor for an extradition warrant. In such case the proper course would have been to suspend the hearing of the writ for such reasonable time as might be required to enable the Governor to hear, consider, and act upon any application for one. Ex parte Thaw (D. C.) 209 F. 56. Some three months have now gone by since the petitioner was first arrested. More than ample time in which to apply for extradition and for the Governor to act on such application has elapsed. The record does not inform us whether such application has in fact been made. We therefore shall reverse the order of the court below discharging the writ and remand the case to the court below with the direction to require the respondents to show what action, if any, has been taken towards securing an extradition warrant from the Governor of West Virginia and to grant the writ and discharge the petitioner if no application has in point of fact been made, and no reasonable explanation such as the pendency of these proceedings shall be given for the delay in making it.

Reversed.