SORMUNEN v. NAGLE, Commissioner of Immigration.

No. 6601.

Circuit Court of Appeals, Ninth Circuit.
May 16, 1932.

Philip M. Zwerin, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of California, Southern Division, denying appellant's petition for a writ of habeas corpus.

Appellant, Moses Sormunen, a citizen of Finland who has been in this country since 1906 following the trade of a tailor, is admittedly a member of the Communist Party of the United States and was at one time a member of the Trades Union Unity League. He was taken into custody by members of the United States Immigration Service for a preliminary hearing, and thereafter telegraphic application was made for a warrant of arrest. The hearing before the Immigration Officers after the issuance of the warrant of arrest was in accordance with due process of law and appellant was represented by counsel. After the hearing, appellant was ordered deported on three grounds [8 USCA § 137]: (1) That he believes in, advises, advocates, and teaches the overthrow by force or violence of the government of the United States; (2) that he is a member of the Communist Party of the United States of America, an organization that believes in, advises, advocates, and teaches the overthrow by force or violence of the government of the United States; (3) that he is a member of the Communist Party of the United States of America, an organization which causes to be written, circulated, distributed, printed, published, or displayed, written, or printed matter, advising, advocating, or teaching the overthrow by force or violence of the government of the United States.

The District Court refused to issue a writ of habeas corpus and from its refusal to do so comes this appeal.

Appellant's contention that he was taken in custody prior to the issuance of a warrant of arrest is immaterial here.

" 'A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.' Nishimura Ekiu v. United States, 142 U. S. 651, 662, 12

S. Ct. 336, 339 (35 L. Ed. 1146); Iasigi v. Van de Carr, 166 U. S. 391, 17 S. Ct. 595, 41 L. Ed. 1045; Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940." United States ex rel. Bilokumsky v. Tod, 263 U. S. 149, 158, 44 S. Ct. 54, 57, 68 L. Ed. 221, cited by this court in Wolck v. Weedin (C. C. A.) 58 F.(2d) 928, decided May 9, 1932.

Appellant contends, secondly, that certain pamphlets introduced in evidence in the deportation proceedings were obtained from the headquarters of the Communist Party in San Francisco by the immigration inspectors without a search warrant in violation of appellant's rights. There is no merit in this contention in that the documents introduced in evidence were purchased by an immigration inspector. We know of no rule of law which says that the legal purchase of documents offered for sale in a store open to the general public constitutes illegal search and seizure. See Murdoch v. Clark (C. C. A. 1) 53 F.(2d) 155. Moreover, counsel for the appellant made no objection to the admission of these pamphlets in evidence on the ground now urged here at the time the papers were introduced. Consequently, appellant is in no position to raise any such contention here for the first time. Ng Kai Ben v. Weedin (C. C. A. 9) 44 F.(2d) 315, 317; Li Bing Sun v. Nagle (C. C. A. 9) 56 F.(2d) 1000, decided March 14, 1932.

We do not deem it necessary to reconstrue the purport of the pamphlets of the Communist Party, of which appellant is admittedly a member—"Manifesto of the Communist Party," "Gastonia," "Why Every Worker Should Join the Communist Party," "Citadel of the Class Struggle," etc.—that were introduced in evidence. For the effect of these documents, see Kenmotsu v. Nagle (C. C. A. 9) 44 F.(2d) 953; Vilarino v. Garrity (C. C. A. 9) 50 F.(2d) 582; Murdoch v. Clark, supra.

Sufficient ground for the deportation of Sormunen is shown by the following excerpts from the record of his hearing:

"Q. Do you believe in the overthrow of the government of the United States as it is at the present time, by force of arms? A. If the time ever came when the workers are in a position to do I would take up arms as they did in Russia."

"Q. I will ask you a hypothetical question. Suppose that the present government in Washington was not defeated by the ballot or the election and retained power, and that the leaders of the Communist Party of the United States of America, of which you are a member, should come to the conclusion that the only way they could obtain power of the government at Washington would be by the use of force or arms and rise in rebellion against that government, would you as a member of the Party, join that kind of government? A. Yes."

"Q. Then you believe in, advise and advocate and teach the overthrow by force or violence of the Government of the United States, do you? A. Yes, but I am just a common member and not an agitator.

"Q. But you do believe in it? A. Yes, that is the idea, to use any methods."

The statute, 8 USCA § 137, provides for the deportation of aliens who believe in, advise, advocate, or teach the forcible overthrow of the government of the United States. We have held in the cases of Saksagansky v. Weedin (C. C. A.) 53 F.(2d) 13, and Wolck v. Weedin (C. C. A.) 58 F.(2d) 928, decided May 9, 1932, that testimony of the tenor of that quoted above is sufficient to establish an alien's liability to deportation.

We find no error in the record and the judgment of the lower court is affirmed.

Affirmed.