**BOZEL v. HUDSPETH, Warden.**

**No. 2411.**

Circuit Court of Appeals, Tenth Circuit.

March 3, 1942.

Emmet H. Bozel, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment denying a writ of habeas corpus. According to the petition for the writ and the exhibits attached thereto, the petitioner was indicted in the District Court of the United States for the Northern District of Ohio, Eastern Division. The indictment returned on June 14, 1939, contained three counts, each charging a violation of 18 U.S.C.A. § 338 (using the mails to defraud).

On September 9, 1939, petitioner's attorney entered his formal appearance, and on September 15, 1939, petitioner appeared personally and by his attorney, was tried and convicted on each count of the indictment, and was on the same date sentenced by the court to serve a term of five years on count one and five years on count two, to begin at the expiration of the sentence on count one; five years on count three, to begin at the "same time" and run concurrently with sentences on counts one and two, or a total of ten years on the three counts. Petitioner was delivered to the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, on January 26, 1940.

The petition is voluminous and incoherent; the points raised are many, but those warranting consideration are that the trial court was without jurisdiction to try or impose sentence because: (1) a. each and all of the counts in the indictment failed to charge an offense punishable under 18 U.S.C.A. § 338 (scheme to use the mails to defraud); b. the acts complained of in the indictment constituted offenses exclusively within the jurisdiction of the Federal Trade Commission Act, 38 Stat. 717, as amended 52 Stat. 111, 15 U.S.C.A. §§ 41–51; (2) evidence introduced against him was secured by illegal search and seizure, consisting of copies of telegrams and other prejudicial data taken from his person at the time of his arrest; (3) illegal removal from the state of Virginia, the place of his arrest, to the trial district in Ohio, deprived the trial court of jurisdiction over his person; (4) the sentence is void for uncertainty, and (5) the denial of the right to have witnesses produced in his behalf.

Upon the filing of the petition for writ of habeas corpus the court appointed counsel for the appellant; issued an order to the Warden to show cause, but ordered that the custody of the appellant be not disturbed pending determination of the issues raised on the petition as filed. The trial court denied the writ on the grounds that the petition and the return on the order to show cause did not state any grounds warranting the issuance of the writ.

The return of the Warden on the order to show cause raises no controverted issues of fact, the determination of which are essential or necessary to the legal questions presented in the petition for the writ. The presence of the petitioner at the trial is not an essential requisite to the proceedings upon the issues raised by the petition. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, and Minnec v. Hudspeth, 10 Cir., 123 F.2d 444. Cf. O'Keith v. Johnston, 9 Cir., 122 F.2d 554.

It is sufficient to say that each count in the indictment clearly charges a scheme to use the mails to defraud, punishable under 18 U.S.C.A. § 338, and the offenses charged are neither colorless nor impossible ones under the law, and are

entirely sufficient to give the court jurisdiction of the subject matter. Huntley v. Schilder, Warden, 10 Cir., 125 F.2d 250; Rosenhoover v. Hudspeth, 10 Cir., 112 F.2d 667; Moore v. Aderhold, 10 Cir., 108 F.2d 729, and Garrison v. Hudspeth, 10 Cir., 108 F.2d 733. Neither is it a bar to prosecution under this section of the Act that such acts are condemned by the Federal Trade Commission Act, supra, for the obvious reason that violations under the Federal Trade Commission Act are not criminal offenses, but if they were it would not be a bar to the prosecution under the mail fraud statute. Cf. Troutman v. United States, 10 Cir., 100 F.2d 628, and Lee v. United States, 5 Cir., 91 F.2d 326, 327.

■ A motion to suppress and for the return of certain papers, circulars, and advertising matter, together with all memoranda containing various names and addresses taken from the petitioner at the time of his arrest was made to the trial court, by his attorney before trial. The petitioner alleges that such matter was taken from him without a valid search warrant and was used against him in the trial of the case in violation of his rights under the 4th and 5th Amendments.

Assuming that the motion to suppress was overruled by the trial court and that such papers and advertising matter were introduced as evidence in the trial of the case, it plainly appears from the pleadings that the evidence was obtained as an incident to a valid and lawful arrest and was a part of the fruits of the crime for which he was charged and was, therefore, clearly admissible in evidence and no constitutional right against unreasonable search and seizure was denied to him. 6 C.J.S., Arrest, § 18, p. 620. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652.

■ Assuming further that the search was illegal and that the evidence thus obtained was introduced in evidence against him in violation of his constitutional right against illegal search and seizure, it may be seriously questioned whether the evil can be reached in a habeas corpus proceedings. While the remedy afforded by habeas corpus is ever ready as a safeguard for human liberties under the Constitution and its exercise is amenable at all times to the processes of justice, yet it cannot be used to correct errors of law occurring in the trial of a cause over which the court

has jurisdiction, unless it affirmatively appears that in the course of the proceedings the court lost jurisdiction because it transgressed the constitutional safeguards in the trial of the case. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; Ex parte Parks, 93 U.S. 18, 23 L.Ed. 787; Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.

■ Here the petitioner was represented by counsel of his own choice in the trial of the case. He filed a timely motion to suppress the evidence on the grounds that it was illegally obtained by an unlawful search and seizure. If the motion was well taken and the court erred in the admission of the testimony, the orderly processes of review were available to the petitioner and the usual procedure for attack has been to assign as erroneous the admission of the illegally obtained evidence to the appellate court of appropriate jurisdiction. The question of the availability of the remedy in habeas corpus to test the validity of the judgment and sentence, based upon alleged illegal search and seizure was first before the courts in a very recent case, Price v. Johnston, 9 Cir., 125 F.2d 806 decided February 11, 1942. The court, proceeding without direct precedent, but after ably and exhaustively reviewing the powers of the courts in habeas corpus proceedings, held that the remedy in habeas corpus was not available to correct the alleged error of the court in the admission of evidence obtained by an illegal search and seizure. We think the reasoning there is sound and has application here. Consistent with what was said there, we hold that in the precise circumstances it would not be an appropriate exercise of the power of a writ of habeas corpus to collaterally attack the judgment of the court on the grounds that the evidence introduced was inadmissible because obtained by illegal search and seizure.

■ The petitioner alleges that he was illegally removed from the state of Virginia, where he was arrested to the trial district in Ohio, and that such illegal removal deprived the trial court of jurisdiction over the offense charged.

When the petitioner was arrested in the state of Virginia and before removal to the trial district in Ohio, he was entitled to a hearing before removal in accordance

with Section 591, 18 U.S.C.A. In addition thereto, habeas corpus was available to him to test the questions of: (1) whether the petitioner was charged with an offense cognizable under the laws of the United States; (2) whether the trial court had jurisdiction of the subject matter, and (3) the existence of probable cause. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940; Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203; and Wood v. Cooper, 8 Cir., 18 F.2d 535. Such procedure, above outlined, is a safeguard against unwarranted prosecution in strange jurisdictions. Henry v. Henkel, supra, and Greene v. Henkel, 183 U.S. 249, 22 S.Ct. 218, 46 L.Ed. 177.

As the case comes to us, the petitioner has been removed to the trial district and has been tried and convicted on an indictment returned in that district, which as we have observed clearly states an offense against the laws of the United States. His identity and probable cause is no longer open to question. Whatever may have been the petitioner's rights incident to his removal from the state of Virginia to the trial district he may not now successfully challenge the jurisdiction of the trial court on the grounds that he was not accorded his constitutional rights as a requisite thereto. Henry v. Henkel, supra; Kelly v. Griffin, 241 U.S. 6, 36 S.Ct. 487, 60 L.Ed. 861; Beavers v. Henkel, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 882; In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Ex parte Lamar, 2 Cir., 274 F. 160; Hall v. Johnson, 9 Cir., 86 F.2d 820, and Whitney v. Zerbst, Warden, 10 Cir., 62 F.2d 970. It follows that the sentencing court was not deprived of jurisdiction over the subject matter, or over the person of the petitioner because of his alleged illegal removal to the trial district.

The sentence is not void for uncertainty. The petitioner was sentenced to serve a term of five years on counts one and two, the sentence on count two to commence at the expiration of the sentence imposed on count one, making a total of ten years. The sentence imposed was within the power of the court as authorized by the statute. 18 U.S.C.A. § 338. The petitioner was sentenced to serve five years on count three to commence "at the same time." It may be conceded that the sentence was uncertain as to the date of its commencement, but it was to run concurrent with the sentence on counts one and two, and therefore does not impose a greater sentence or increase the punishment imposed on counts one and two and the petitioner cannot complain.

Finally, the petitioner says he was denied the right to have compulsory process of witnesses in his behalf. He does not allege that he made application to the court for the compulsory process of witnesses in his behalf or that the court refused to issue the same. Moreover, the petitioner was represented by counsel of his own choice and such defects or errors in the trial of the case are ordinarily the proper subject of review by appeal or writ of error and the remedy afforded by habeas corpus will not be extended to correct such errors in the precise circumstances.

The petition presents no errors cognizable in a habeas corpus proceedings and the judgment is affirmed.