**PRICE v. JOHNSTON, Warden.**

No. 10671.

Circuit Court of Appeals, Ninth Circuit.

Aug. 3, 1944.

Rehearing Denied Sept. 9, 1944.

Homer C. Price, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of California denying appellant's petition for a writ of habeas corpus.

On February 15, 1938, an indictment in four counts was returned by the Grand Jury of the trial court [The District Court of the United States for the Eastern District of Michigan, Southern Division], charging appellant with the violation of Section 588b (a) and (b) of Title 12 U.S. C.A.

. The appellant was arraigned before the trial court on February 18, 1938, at which time he was represented by counsel; he waived the reading of the indictment and pleaded "not guilty" to the charges alleged in the indictment.

Appellant was represented by counsel throughout the trial which commenced on April 19, 1938 and concluded on April 29, 1938 when the jury returned a verdict of "guilty" on all counts of the indictment. Appellant was also represented by counsel when the trial court rendered judgment on May 14, 1938, and pronounced sentence thereon.

Subsequently, appellant filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of California, Southern Division, invoking the Fourth and Fifth Amendments to the Constitution of the United States upon the ground that his residence was subjected to an allegedly illegal search and seizure and the materials obtained used in evidence against him, and upon the further ground that the trial judge was allegedly disqualified from hearing the prosecution. The district court denied the petition and on May 14, 1941, the appellant brought the matter to this court which heard the appeal and affirmed the lower court. A lengthy opinion discussing all the points presented was filed on February 11, 1942 and is reported at 125 F.2d 806, certiorari denied 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750.

■ Of all the issues raised by the appellant in this appeal, the only question properly before this court and not previ-

ously decided was appellant's contention that he was denied the aid of counsel at the trial, by reason of the fact that the Court ordered him to the witness stand in the absence of his counsel from the courtroom and allowed the United States attorney to question him over his objection. This statement is not supported by the evidence, as is apparent from the following excerpt from the record which shows that appellant resumed the witness stand after a court recess and the following occurred:

"The Court. All right, go ahead.

"Mr. Babcock. By the way, what is the name of this individual you went to see, north of St. Johns, on January 7th?

"The Witness. Your Honor, I can't answer questions without being represented by counsel.

"The Court. What is the answer? Read it.

"(The answer was read by the reporter as above recorded.)

"The Court. Well, your counsel has voluntarily departed and he has been gone ten minutes. I have waited ten minutes before he came, and he isn't here yet. All right, you, Bailiff, you go out and bring the attorney in here.

"The Bailiff. If I can find him, your Honor.

"The Court. Look for him.

"(Mr. Payne and Mr. Solowich, defendant's attorneys, then returned to the court room)

"The Court. Never mind the apology. We have been waiting nearly fifteen minutes for you. Ask your question.

"Mr. Babcock. Read the question, please.

"(The question was read by the reporter as above recorded.)

"The Court. Answer that question now.

"The Witness. John Hoseman."

This evidence, which appellant admits recites the events which transpired clearly shows that no testimony was taken in the absence of counsel and that the ques-

tion previously asked and which appellant had refused to answer was read back and answered in the presence of his counsel. Appellant was not prejudiced thereby in any way. He had employed counsel of his own selection, who represented him from February 10, 1938 [after arrest and prior to trial] to April 19, 1938 [when the trial commenced], throughout the trial, and until judgment and sentence on May 14, 1938. It thus appears that he was represented by counsel at all stages of the proceedings before the trial court.

■ In the case of Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, certiorari denied 313 U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519, it was held that where the trial court's finding in a habeas corpus proceeding that a petitioner had not been deprived of his right to counsel in a criminal prosecution was supported by substantial evidence and was not clearly wrong, it was required to be sustained on appeal.

■ Appellant also alleges that his constitutional rights were infringed because he was denied assistance of counsel at the time of his arrest, immediately thereafter and when before the United States Commissioner. This cannot give him an immunity from trial, since he was properly arraigned and tried on an indictment by a court which had jurisdiction over his person and the alleged offenses.[1] It is well settled that a prisoner will not be discharged on writ of habeas corpus for defects in the original arrest or commitment, where there is sufficient ground for detention such as an indictment returned by a grand jury.[2] A writ of habeas corpus is not like an action to recover damages for unlawful arrest or commitment but its object is to ascertain whether a prisoner can lawfully be detained in custody; and if sufficient ground for detention by the Government is shown, he is not to be discharged for defects in the original arrest or commitment.[3]

For this last contention—that his constitutional rights were invaded because he was denied assistance of counsel at the time of his arrest and before the Com-

---

[1] Waley v. Johnston, 9 Cir., 139 F.2d 117, certiorari denied 321 U.S. 779, 64 S. Ct. 617.

[2] Hall v. Johnston, 9 Cir., 86 F.2d 820; Nishimura Ekiu v. United States, 142 U.S. 651, 12 S.Ct. 336, 35 L.Ed. 1146; Iasigi v. Van De Carr, 166 U.S. 391, 17 S.Ct.

595, 41 L.Ed. 1045; Kelly v. Griffin, 241 U.S. 6, 36 S.Ct. 487, 60 L.Ed. 861.

[3] Ex parte Bollman (Ex parte Swartwout), 4 Cranch 75, 2 L.Ed. 554; Coleman v. Tennessee, 97 U.S. 509, 24 L.Ed. 1118; United States v. McBratney, 104 U.S. 621, 26 L.Ed. 869; Kelley v. Thomas, 15 Gray, Mass., 192.

missioner—appellant cites numerous cases, none of which is in point, and all of which are distinguishable upon their factual situations.

In the case of Johnson v. Zerbst, 304 U. S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, the appellants were adequately represented by counsel in the preliminary hearings before the Commissioner but the accused were unable to employ counsel for their trial. Thus, that case is distinguished from the one at bar in that here the appellant, though denied the aid of counsel at the time of his arrest, was adequately represented by counsel throughout his trial.

In the case of Powell v. Alabama, 287 U. S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L. R. 527, similarly, the factual situation is sufficiently distinguishable to negate the force and effect of that decision upon the determination here. In the cited case, the prisoners were arraigned without counsel immediately upon the return of the indictment; six days after indictment the trials began; no counsel represented defendants when the case was called for trial. During the most critical period of the proceedings, from the time of their arraignment until the beginning of trial, when investigation and preparation were vitally important, the defendants did not have the aid of counsel.

Also, in the case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, the facts are different. The Government's case against Glasser was concededly not a strong one. The issue turned upon the fact that counsel who represented Glasser was appointed by the court at the trial to represent another defendant whose interests were inconsistent to those of Glasser. The Supreme Court held that Glasser's rights were prejudiced under the circumstances.

Not one of the cases cited by appellant is in point. Not only were those cases decided on widely divergent state of facts and circumstances but none decides the question raised in this habeas corpus proceeding. In the case before us the appellant was well represented by counsel of his own choosing, secured but four days after his arrest and more than two months prior to trial, and was so represented on arraignment and throughout the trial.

The other questions raised by this second petition, which properly could be considered in a habeas corpus proceeding, were passed upon in the opinion of this court, Price v. Johnston, 125 F.2d 806.

Affirmed.