In the Matter of the EXTRADITION OF Marie Louise RUSSELL, charged as Helen Millar.

Marie Louise RUSSELL, charged as Helen Millar, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 85–6041.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1986.*

Decided May 13, 1986.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

Helen Millar, San Diego, Cal., for petitioner-appellant.

Judith S. Feigin, Asst. U.S. Atty., on the brief, Peter K. Nunez, U.S. Atty., San Diego, Cal., for respondent-appellee.

Before PREGERSON and POOLE, Circuit Judges, and SOLOMON,** Senior District Judge.

PREGERSON, Circuit Judge.

At the conclusion of extradition proceedings before a United States Magistrate, Marie Louise Russell was found extraditable to Australia on fifty charges. Russell then sought relief by petition for habeas corpus in the district court. The petition was denied. Russell appeals, and we affirm.

## BACKGROUND

Late in 1983, Australian officials charged Russell with various crimes arising out of fraudulent applications for credit cards, bank loans, passports, unemployment insurance, and social security benefits. These alleged criminal acts all occurred between 1980 and 1982. On January 2, 1985, a United States Magistrate for the Southern District of California issued a warrant for Russell's arrest based upon a

request for her provisional arrest by the Australian government under the Extradition Treaty between the United States and Australia ("Treaty"), 27 U.S.T. 957, T.I.A.S. No. 8324.

Russell was arrested in San Diego. On March 7, 1985, the government of Australia filed a formal request for extradition. This request sought to extradite Russell on fifty-two charges; specifically, nine charges of conspiracy to defraud, fourteen charges of obtaining advances by false and misleading statements, three charges of obtaining money by false and misleading statements, fifteen charges of forgery, and eleven charges of obtaining money by false pretenses from a public authority.

After a hearing, the magistrate certified Russell as extraditable to Australia on fifty of the fifty-two charges. (The magistrate found that there was not a sufficient showing of probable cause on two conspiracy charges.) Russell then filed a petition for habeas corpus in district court. The district court denied the petition, and Russell appealed to this court.

## STANDARD OF REVIEW

■ The proper function of the committing magistrate in an extradition proceeding is not to decide guilt or innocence but to determine whether there is competent legal evidence to justify holding the accused for trial. *See Collins v. Loisel,* 259 U.S. 309, 316, 42 S.Ct. 469, 472, 66 L.Ed. 956 (1922); *Hooker v. Klein,* 573 F.2d 1360, 1367 (9th Cir.), *cert. denied,* 439 U.S. 932, 99 S.Ct. 323, 58 L.Ed.2d 327 (1978). The magistrate's function is merely to determine whether there is "any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Fernandez v. Phillips,* 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); *Caplan v. Vokes,* 649 F.2d 1336, 1342 n. 10 (9th Cir.1981).

** Hon. Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

■ Because certification of extraditability is not a "final order," review is available only by way of petition for writ of habeas corpus. *Caplan,* 649 F.2d at 1340. The issues subject to review on a petition for habeas relief, however, are limited. The court may determine only whether (1) the judge or magistrate had jurisdiction to conduct the extradition proceedings; (2) the extradition court had jurisdiction over the fugitive; (3) the extradition treaty was in full force and effect; (4) the charged offense falls within the terms of the treaty; and (5) "there was competent legal evidence to support a finding of extraditability." *Valencia v. Limbs,* 655 F.2d 195, 197 (9th Cir.1981); *Hooker,* 573 F.2d at 1368; *see Fernandez,* 268 U.S. at 312, 45 S.Ct. at 542.

## DISCUSSION

Russell raises a multitude of arguments on appeal. Only her contention that her alleged crimes are not extraditable offenses requires discussion; the rest are meritless.

■ Under the principle of "dual criminality," no offense is extraditable unless it is criminal in both countries. *Caplan,* 649 F.2d at 1343; *see Collins,* 259 U.S. at 312, 42 S.Ct. at 470–71. This requirement is expressly incorporated in the Treaty. In fact, the Treaty also requires that the offense be punishable in both countries "by a term of imprisonment exceeding one year or by death." Treaty, Art. II.

On appeal, Russell first claims that her crimes are not punishable in Australia by imprisonment for more than one year. She sets forth what she feels are the pertinent statutes pertaining to the charges against her. The extradition papers, however, clearly establish that Russell was charged under the Australian Crimes Act of 1914. Her purported offenses under this statute are all punishable by imprisonment for more than one year. Russell does not argue that the Crimes Act does not cover the offenses charged against her. Instead, she suggests that it is unfair to charge her under an "antiquated" act. Although the

Australian prosecutor apparently could have proceeded under another statute, the statute chosen provides the requisite imprisonment term.

Russell next contends that the conspiracy offenses would not be punishable in America. She correctly notes that under Australian law, an overt act is not required to establish conspiracy, while such a requirement exists under both United States and California law. *Cf.* 18 U.S.C. § 371; Cal.Penal Code § 184.

■ But to satisfy the "dual criminality" requirement, each element of the offense purportedly committed in a foreign country need not be identical to the elements of a similar offense in the United States. It is enough that the conduct involved is criminal in both countries. *See Kelly v. Griffin,* 241 U.S. 6, 14, 36 S.Ct. 487, 489, 60 L.Ed. 861 (1916) (perjury was extraditable offense under Canada/United States treaty although Canadian law did not require that the false evidence be "material"); *Cucuzzella v. Keliikoa,* 638 F.2d 105, 108 (9th Cir.1981). As the Court observed in *Collins:*

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions.

259 U.S. at 312, 42 S.Ct. at 470–71; *see Kelly,* 241 U.S. at 14, 36 S.Ct. at 489 ("It is enough if the particular variety [of conduct] was criminal in both jurisdictions.") (quoting *Wright v. Henkel,* 190 U.S. 40, 60–61, 23 S.Ct. 781, 785–86, 47 L.Ed. 948 (1903)).

■ Russell correctly notes that the Australian offense of simply conspiring to commit fraud does not exist in the United States; an overt act is required. The affidavits filed by the Australian officials in this case, however, clearly set forth numerous overt acts sufficient to justify a charge of conspiracy to commit fraud in this country. In fact, many of the overt acts are

**804**

separately charged by the Australian officials as "fraudulent statements." Accordingly, the conspiracy charges are extraditable offenses because the *conduct* underlying the charges, as set forth in the affidavits, would be cognizable under American federal and state criminal conspiracy law. *See Messina v. United States,* 728 F.2d 77, 79 (2d Cir.1984) (dual criminality provision in treaty is met if the particular acts charged are criminal in both jurisdictions); *Brauch v. Raiche,* 618 F.2d 843, 850–51 (1st Cir.1980) (proper focus is on acts, not offenses).[1]

### CONCLUSION

The magistrate and the district court properly found Russell extraditable on 50 of the 52 offenses charged. The district court's denial of Russell's petition for habeas corpus is AFFIRMED.

1. Russell's contention that the crimes are not extraditable solely because they are described in the warrants as misdemeanors is frivolous.

