2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Levone PIPER, Petitioner-Appellant,
v.
UNITED STATES MARSHAL, Respondent-Appellee.
Antoine Joseph PORTERFIELD, Petitioner-Appellant,
v.
UNITED STATES MARSHAL, Respondent-Appellee.
 Nos. 92-56244, 92-56245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1993.
Decided July 7, 1993.
 
 Before BROWNING, BRIGHT* and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts and issues and we will not repeat them.
 
 
 3
 The fact that sexual felonies under California and federal law require elements not required by Canadian Criminal Code Sec. 271 does not violate the dual criminality doctrine. "[E]ach element of the offense purportedly committed in a foreign country need not be identical to the elements of a similar offense in the United States. It is enough that the conduct involved is criminal in both countries." In re Russell, 789 F.2d 801, 803 (9th Cir.1986) (emphasis added). The Padley and Grayson affidavits allege that Piper and Porterfield had sexual intercourse with the two girls without their consent and with the use of force. This conduct, if proven, would constitute the crime of rape under California law, which is punishable by more than one year, see Cal.Penal Code Secs. 261, 264, and therefore would satisfy the dual felony requirement of the extradition treaty.
 
 
 4
 However, the Padley and Grayson affidavits also reflect conduct (e.g. nonconsenual sexual touching other than intercourse) that would be covered by the considerable breadth of Canadian Criminal Code Sec. 271 but would amount only to a misdemeanor under California law. See Cal.Penal Code Sec. 243.4(d)(1). Under the Extradition Treaty, Piper and Porterfield cannot be extradited to Canada to face prosecution for such conduct. Treaty on Extradition, Dec. 3, 1971, U.S.-Can., art. 2, 27 U.S.T. 983, 986, TIAS 8237; 1988 Protocol to the Extradition Treaty, art. I, 27 I.L.M. 423 (1988).
 
 
 5
 Accordingly, we remand to the district court with instructions to grant the petitions for habeas corpus unless, within sixty days, the extradition magistrate amends the certification of extradition to provide that Piper and Porterfield are extraditable to face prosecution under Canadian Criminal Code Sec. 271 only for conduct that is felonious under California law. Caplan v. Vokes, 649 F.2d 1336, 1345 n. 18 (9th Cir.1981).
 
 
 6
 Remanded with instructions.
 
 
 
 *
 The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3