EX PARTE GAQUIRA CRAGOLLA.

No. 8387. Decided February 20, 1924.

Rehearing denied March 26, 1924.

**1.—Habeas Corpus—Extradition—Fugitive from Justice—Complaint.**

The requisition showing that the fugitive from justice was charged in the demanding state by complaint duly authenticated, and it likewise appearing in the executive warrant issued by the Governor of Texas that the fugitive is charged by complaint, and the executive warrant being accompanied by the affidavit taken before a magistrate in the demanding state, and the warrant issued theron for the relator, there is no reversible error. Following: Ex Parte Roselle, 87 Texas Crim. Rep., 470, and other cases.

**2.—Same—Rehearing—Affidavit.**

Where there are no defects in the affidavit made in the demanding state charging relator with an offense in that jurisdiction, and the proceedings are regular, there is no error.

Appeal from the District Court of Bexar. Tried below before the Honorable W. W. McCrory.

Appeal from habeas corpus proceeding upon extradition writ.

The opinion states the case.

*Heilbron, Matthews & J. H. Ragsdale,* for relator.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—Cited cases in the opinion.

MORROW, PRESIDING JUDGE.—The relator is held under an executive warrant issued by the Governor of the State of Texas upon a requisition demand issued by the Governor of the State of Nebraska. It is recited in the demand that "it appears by complaint, which I hereby certify to be authentic and duly authenticated, that Gaquira Cragolla stands charged with the crime of larceny by bailee," etc. In the warrant issued by the Governor of the State of Texas it is stated that "it has been made known to me by the Governor of the State of Nebraska that Gaquira Cragolla stands charged by com-

plaint and warrant before the proper authorities, with the crime of larceny by bailee committed in said State," etc. In the record is found that among the papers filed with the Governor of this State, upon which the requisition is granted, is the affidavit of John Gumb, Jr., made before Henry M. Kidder, Justice of the Peace, in and for Dodge County, Nebraska, charging the relator with the larceny of $1,000.00. Upon the affidavit, the warrant was issued by the magistrate. The requisition showing that the fugitive from justice was charged in the demanding state by complaint duly authenticated, and it likewise appearing in the executive warrant issued by the Governor of Texas that the fugitive is charged by complaint, and the executive warrant being accompanied by the affidavit taken before a magistrate in the State of Nebraska and the warrant issued thereon for the relator, we fail to discern in what particular the proceedings are wanting in validity. See Ex parte Denning, 100 950; also Ex parte Jones, 82 Texas Crim. Rep., 627; Ex parte Nix, 85 Texas Crim. Rep., 307; Ex parte Roselle, 87 Texas Crim. Rep., 470; Ex parte Gradington, 89 Texas Crim. Rep., 432, 231 S. W. Rep., 781.

The order of the Honorable W. W. McCrory, Judge of the District Court of Bexar County, refusing to discharge the relator is affirmed.

*Affirmed.*

#### ON REHEARING.

HAWKINS, JUDGE.—In the light of relator's motion for rehearing we have again examined the record, and fail to discover the defects claimed to exist in the affidavit made in the demanding state charging relator with an offense in that jurisdiction.

The motion for rehearing is overruled.

*Overruled.*