THE PEOPLE OF THE STATE OF NEW YORK ex rel. ———— SIDRAN, Relator, *v.* WARDEN OF CITY PRISON, Respondent.

Supreme Court, Kings County, November 30, 1925.

**Crimes — habeas corpus — relator was arrested as fugitive from justice from State of Pennsylvania — arrest was made under warrant issued by justice of peace of said State — only proof on hearing was warrant which was not exemplified as required by Code of Criminal Procedure, § 829 — evidence did not warrant commitment — relator discharged.**

The relator, who was arrested as a fugitive from justice from the State of Pennsylvania on a warrant issued by a justice of the peace of that State and held by a city magistrate after a hearing on which the only evidence against him was the warrant which was not exemplified as required by section 829 of the Code of Criminal Procedure, must be discharged, for the action of the magistrate was void in the absence of any proof as to the authenticity of the warrant, that a crime had been committed, or that there was sufficient cause to believe the relator had committed a crime in Pennsylvania.

The relator's discharge does not militate against the efficacy of extradition proceedings against him, for the magistrate had authority to adjourn the hearing from time to time for periods of two days each until the arrival of a warrant which had been exemplified.

HABEAS CORPUS proceeding.

LAZANSKY, J. The following facts are conceded: Relator was arrested by a policeman of the city of New York, who had received

from his superiors a communication from authorities in the State of Pennsylvania that relator was a fugitive from justice, having been charged with a violation of the Bulk Sales Act (P. L. 262; Penn. St. 1920, §§ 784–791) of that State. There was in the possession of the police officer an alleged warrant issued by a justice of the peace of the State of Pennsylvania, directing the apprehension in that State of the relator on the charge stated. The police officer brought the relator before a city magistrate, who held him for examination; the examination was had, and relator held pursuant to section 830 of the Code of Criminal Procedure. The only proof before the magistrate that the relator was a fugitive from justice was the alleged warrant issued in Pennsylvania, which was received in evidence over objection and exception; the warrant was signed and sealed, but there was no proof of any kind of the authenticity of the warrant. Title 4 of the Code of Criminal Procedure deals with proceedings against fugitives from justice. Section 829 thereof provides: " The proceedings for the arrest and commitment of the person charged are in all respects similar to those provided in this Code, for the arrest and commitment of a person charged with a public offense committed in this state; except, that an exemplified copy of an indictment found, or other judicial proceedings had against him, in the state or territory in which he is charged to have committed the offense, may be received as evidence before the magistrate."

This statute anticipates and in no wise conflicts with the provisions of the Federal Constitution or statutes affecting extradition. (*Burton* v. *N. Y. Central R. R. Co.*, 245 U. S. 315.) Sections 194–209 of the Code of Criminal Procedure provide for examination before a magistrate in case of a crime committed in this State. By section 208 it is provided that, if from the examination it appear that a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must hold the defendant to answer for the same. The provision of section 829 that an exemplified copy of an indictment found, or other judicial proceedings had against him, in the State or Territory in which the person is charged to have committed the offense may be received as evidence before the magistrate is undoubtedly intended as a substitute for the testimony or other proof that is usually had in proceedings before a magistrate where it is charged that a crime has been committed in this State. Instead of oral or other proof, the exemplified copy of the indictment or other judicial proceeding in a foreign State may be received.

Here there was no such exemplified copy. There was no proof whatsoever as to the authenticity of the warrant; there was no proof that a crime had been committed in the State of Pennsylvania

or of sufficient cause to believe the relator had committed a crime in that State. That the alleged warrant was sealed makes no difference. The validity of the seal or the authority of any person to seal was not shown. There was no proof with reference to the signature of the magistrate. The magistrate here could not take judicial notice of the acts of officers of a sister State. There was, therefore, no compliance with section 829. There are neither proceedings similar to that required in case of commitments for crime charged to have been committed in this State nor an exemplified copy received in evidence in lieu of the usual proof required.

The authority of the magistrate is limited by statute. (*Matter of Barlow,* 141 App. Div. 640, 652.) There was a total defect of evidence as to any essential fact to warrant the commitment of the relator, and, therefore, the action of the magistrate was void. (*Hewitt* v. *Newburger,* 141 N. Y. 538.) It was not a case of error in the admission of proof, but one where there was no proof at all. Even if the warrant were deemed proof, it was not admissible proof. The statute regulates the kind of proof in such a case. Admissible proof is essential to commitment. (*Reichman* v. *Harris,* [C. C. A.] 252 Fed. 371, 379.) The result reached does not militate against the efficacy of extradition proceedings. The magistrate has the power to adjourn the hearing from time to time for periods of two days each until the arrival of the exemplified papers. (Code Crim. Proc. § 191.)

Writ sustained, and relator discharged.