EX PARTE SCOTT DALTON.

No. 24722. February 15, 1950.

Oxford & Ramsour, Royce A. Oxford, Edinburg, for appellant.

George P. Blackburn, State's Attorney, Autsin, for the state.

BEAUCHAMP, Judge.

Scott Dalton instituted habeas corpus proceedings in the district court to secure his release from an order of the justice of the peace, in an extradition proceeding.

The evidence shows that appellant had moved to Texas from the State of Ohio, after a divorce proceeding in that State in which he was adjudged to pay for the support of his minor child the sum of $10.00 per week, until it reached a designated age.

A complaint was made to the magistrate in Hidalgo County, accompanied by a warrant from the State of Ohio, calling for relator's arrest and return to that state to answer a felony charge for failure to support his minor child in accordance with the divorce judgment. The magistrate issued his warrant in keeping with Article 999, Vernon's Ann. C. C. P., and fixed bond in the sum of $2,000.00 to require the presence of the appellant for a period of ninety days, as provided by Article 1001,

C. C. P. Failing to give the bond, the appellant's mother instituted proceedings in the district court seeking his release and attacking the authority of the justice of peace to issue the warrant. Among the grounds alleged was that the complaint was not accompanied by a properly certified transcript of any complaint or indictment against him in the State of Ohio. A hearing was had and a copy of the papers in the case is found in the statement of facts, with the stipulation that they constitute all of the papers by virtue of which appellant was held.

The warrant of arrest from Ashland County, Ohio, says that there has been filed in that court an affidavit "* * * of which the following is a copy: * * *." This is followed by what appears to be the substance of an affidavit. No name is signed to it, no date given, and it was not sworn to. We think this is not in compliance with the requirements of our statute. See 19 Texas Jur., p. 497, Sec. 10, and authorities there discussed. See also Ex parte Cragolla, 97 Tex. Cr. R. 10, 260 S. W. 189. Neither the affidavit filed before the justice of peace, by the deputy sheriff of Hidalgo County, nor the warrant of arrest from Ohio is accompanied by a certified copy of the complaint or indictment in the State of Ohio which is alleged to be the basis of the warrant.

There are other questions raised in the appeal which we do not discuss because of the invalidity of the complaint filed before the justice of the peace in Hidalgo County.

The judgment of the trial court is reversed and relator is ordered discharged.