UNITED STATES of America

v.

James L. MITCHELL.

Crim. No. 767-59.

United States District Court
District of Columbia.

Nov. 18, 1959.

John W. Warner, Jr., Asst. U. S. Atty., U. S. Dist. Court for District of Columbia, Washington, D. C., for plaintiff.

Elmer E. Batzell, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on for further hearing on defendant's motion to suppress evidence.

At 5:30 A.M., on July 22, 1959, a uniformed police officer was walking his beat when he observed the defendant attempting to flag a taxicab. The defendant was carrying what appeared to be a sack and from it an electrical cord was dragging on the ground. The officer stopped the defendant, asked him where he was coming from and what his name was. The defendant replied that he was coming from a party and stated his name. Upon the request of the officer, the defendant took from his wallet a selective service card which corroborated the defendant's oral identification. The officer testified that, "walking my beat all night long, I did not observe any party anywhere." However, at this point, no crime had been reported to the officer and he had observed none. No warrant for the arrest of the defendant was outstanding.

The officer then asked the defendant to accompany him to a police call box which was about one block away. When the defendant inquired whether he was under arrest, the officer replied, "No, you are just being detained." At the call box, the defendant seated himself on the record player contained in the sack (a pillow case) and the officer put in his call. He inquired whether there had been any reported housebreakings (up to that time he was not aware that a crime had been committed) and was told there had not been. He then requested the dispatch of a scout car to the area, when, by coincidence, a scout car appeared. At this point, the defendant fled from the scene, leaving the property behind. He was apprehended one week later, and having been indicted for housebreaking and larceny of the record player and records, has moved to suppress the evidence.

Both counsel agree that the mere questioning of defendant did not constitute an arrest; they differ on whether an arrest took place when defendant was asked to accompany the officer to the call box. The Government contends that no arrest took place and argues that some amount of curtailment in locomotion is necessary to facilitate questioning.

The Court has thoroughly examined the issue of what constitutes an "arrest" in its opinion in United States v. Scott, D.C.D.C.1957, 149 F.Supp. 837. For the reasons and authorities discussed therein, the Court is of the opinion that the defendant was arrested when he accompanied the officer to the call box.

Since there was no probable cause for this arrest,[1] it was an unlawful arrest. That being so, all evidence seized or obtained as a result thereof must be suppressed.[2]

Order accordingly.

1. The Government conceded this point, as clearly it had to do. See discussion in Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

2. Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; and the policy of the federal exclusionary rule is such as to prohibit the indirect use of the evidence as well. Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 392, 40 S.Ct. 182, 62 L.Ed. 319; Goldstein v. United States, 1942, 316 U.S. 114, 120, 62 S.Ct. 1000, 86 L.Ed. 1312. Thus the rearrest of the defendant, even if based on probable cause, does not serve to cure the invalidity of the prior proceedings.