Melvin Edward MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 48716.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Rehearing Denied Oct. 9, 1974.

Mike Barclay, Dallas (by appointment), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BILL J. CORNELIUS, Commissioner.

Appellant was convicted of the offense of assault to murder a peace officer, and was assessed punishment at life imprisonment.

Appellant's sole ground of error contends that his arrest without warrant was illegal and in violation of his constitutional rights, and that therefore the evidence and jury argument relating to matters resulting from the arrest were improperly allowed by the trial court.

The State's evidence showed that one of the police officers received information from an informer, whose credibility was not established in the record, that appellant was the person who had committed an armed robbery and an assault to murder in Dallas County. Photographs of the appellant were shown to the assault victim who told the officers that appellant was the party who committed the assault. When this identification was made, the National Criminal Information Center was questioned concerning any outstanding warrants against the appellant. The NCIC computer relayed information to the officers that appellant was wanted in the State of California under outstanding warrants charging him with intent to commit murder and attempted robbery. Upon receipt of this information at 8:59 p. m. on the same day, several officers went to the home of appellant's father. Failing to find the appellant there, the officers went to an address at 5221 Live Oak Street in Dallas, Apt. 201, seeking the appellant. They arrived at that address at about 11:00 p. m. on Sunday, June 17, 1973. The officers testified that they feared that appellant would escape if they did not arrest him forthwith. They secured a pass key to the apartment and entered, shouting "Police, don't move!" A young girl, who was alone in the apartment living room, screamed. Officer Ritchie, accompanied by Officer Sewell, went to the bedroom door. Ritchie

opened the door and shouted "Police, don't move!" Sewell saw a movement behind a mattress, and shouted "Police, come out." At that time, the appellant fired a shot which struck Officer Sewell in the chest. After more shots were exchanged, the appellant was wounded and was apprehended as he attempted to escape.

The officers testified that the police were wearing badges on their lapels and arm bands identifying themselves as Dallas Police Officers at the time these events occurred. Appellant testified that the officers were not so identified and that he did not know that they were officers, but thought that some "dude" was trying to kill him. The jury rejected appellant's contention and accepted the State's version of the evidence, as it had a right to do. The evidence is sufficient to sustain the conviction.

Aside from the question of probable cause and the *commission of an offense in the presence of the officers,* the arrest of appellant without warrant was authorized under the provisions of Art. 51.13, Sec. 14, Vernon's Ann.Tex.Code of Crim.Proc., and the principles announced in the cases of Stallings v. Splain, 253 U.S. 339, 40 S. Ct. 537, 64 L.Ed. 940, and Burton v. New York C & H Railway Co., 245 U.S. 315, 38 S.Ct. 108, 62 L.Ed. 314, to the effect that a person may be arrested without warrant if the arresting officer has reasonable information that the accused stands charged in a sister state with a crime punishable by death or imprisonment for more than one year. See also 4 Am.Jur. p. 30. Although Art. 51.13, V.A.T.C.C.P. pertains to extradition, it is not necessary that a requisition from the demanding state be issued prior to the arrest. Stallings v. Splain, supra; Burton v. New York C & H Railway Co., supra.

In the case of Burton, supra, the Supreme Court sustained an arrest without warrant made upon the basis of telegraphic information received by the officers to the

effect that the accused was the subject of outstanding warrants in the sister state.

We find no reversible error. The judgment of the trial court is affirmed.

Opinion approved by the Court.