Jesse Ray GARRETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0214–CR.

Court of Appeals of Texas, Amarillo.

April 18, 1989.

**944**

Kay Davis, Amarillo, for appellant.

Chris Kloeris, Assistant County Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellant Jesse Ray Garrett appeals from his conviction on a guilty plea for possession of less than two ounces of marijuana, and the consequent court-assessed punishment of 120 days confinement in the Potter County jail. In four points of error, appellant argues the trial court erred in denying his motion to suppress the evidence because (1) the State failed to prove appellant was arrested pursuant to a valid arrest warrant; (2) the arrest warrant failed to comply with article 42.18, section 14(a) of the Texas Code of Criminal Procedure Annotated (Vernon 1989); and (3) said article 42.18, section 14(a) is unconstitutional. We affirm the judgment of conviction.

On June 2, 1988, Officer Danny Perez of the Amarillo Police Department received a copy of a picture of appellant, was informed that he had an outstanding parole violation warrant from the Board of Pardons and Paroles, and that appellant was possibly in a tan Pinto automobile with a certain license plate number. While on patrol, Officer Perez saw a tan Pinto automobile in a service station with a license plate matching the one previously described to him. Perez pulled in behind the car, and with Officer Tracey, approached the vehicle. The vehicle contained a male driver, later determined to be appellant, and two female passengers. Perez asked appellant for identification, but was told that he did not have a driver's license or identification with him. Appellant identified himself as James Edward Weaver, born on February 1, 1963. Because he resembled the photograph, Perez asked appellant to step back to the patrol car, again compared the photograph to him, and notified him "that he was under arrest for the outstanding warrant for Jesse Ray Garrett." Appellant then admitted that he was Jesse Ray Garrett and that he had used the other name because he did not want to go to jail. According to Perez, he then additionally arrested appellant for "failure to ID." However, as the State conceded, the validity of appellant's arrest depends upon the authority to arrest under the warrant issued by the Board of Pardons and Paroles.

Appellant was taken to the city jail, and when an inventory was taken of the items in his pockets, a baggie of marijuana was found, which resulted in this prosecution. After an unsuccessful pretrial attempt to suppress the marijuana, and reserving the right to appeal that ruling, appellant en-

tered a guilty plea. On August 9, 1988, based upon that plea, the trial court found him guilty.

█ In his first point, appellant complains that the trial court erred in denying his motion to suppress the evidence because the State failed to prove appellant was arrested pursuant to a valid arrest warrant. He argues that, in addition to the warrant issued by the Board of Pardons and Paroles, the State was required to produce a supporting affidavit so that a determination of the warrant's sufficiency could be made by the trial court. The failure to produce such a warrant, says appellant, resulted in an illegal arrest in violation of the fourth amendment to the United States Constitution, article I, section 9 of the Texas Constitution and article 38.23 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1989).

Appellant acknowledges that article 42.-18, section 14(a) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 1989) allows the Board of Pardons and Paroles to issue a warrant for the arrest of a parolee "when there is reason to believe that he has committed an offense against the laws of this state or of the United States, [or] violated a condition of his parole...." He also acknowledges that under the statute, a lesser showing, i.e., reasonable belief rather than probable cause, is the proper basis for issuance of such a warrant. However, he argues, at the very least, a parole warrant should be supported by an "affidavit or some documentation" showing "probable cause, or at least reasonable belief, that parole has been violated in order for the warrant to be valid."

There is a paucity of cases construing this section of the article. Indeed, all of the cases cited by appellant in support of his proposition, save one, *Bryant v. State,* 652 S.W.2d 798 (Tex.Crim.App.1983), are cases involving regular arrest warrants, rather than the "retaking" of a parolee. The *Bryant* case, however, did involve the legality of an arrest of a parolee. In that case, a warrant had been issued by the New York State Board of Parole. A certified copy of that warrant, together with a letter requesting detention of Bryant pending his extradition for violation of parole, was forwarded to the Port Arthur police. Based upon those documents, together with a conclusory complaint by a Port Arthur policeman in which he stated "I believe and have good reason to believe" that Bryant was a fugitive, a Port Arthur justice of the peace issued an arrest warrant. Bryant contested the validity of his Texas arrest on the basis that the supporting documents were not sufficient to show that probable cause existed for the issuance of the Texas warrant.

En route to denying that attack, the court observed that while the "conditional" or "indeterminate" liberty of a parolee was valuable and entitled to fourteenth amendment due process protection, a distinction should be drawn between the rights of a citizen who is merely accused of a crime and the rights of a criminal who is under the force of the penal system. That being the case, the revocation of parole is not part of a criminal prosecution and the full panoply of rights due a defendant in an ordinary criminal proceeding does not apply in parole revocations. *Id.* at 800–01. The thrust of the Court's holding is that the New York warrant was valid and, in itself, without a supporting affidavit, sufficient to justify the issuance of the Texas warrant.

The *Bryant* case, and the instant one, are sufficiently analogous to lead us to hold that the warrant in the instant case was valid and, in itself, sufficient to authorize appellant's arrest. Therefore, the trial court did not err in overruling appellant's motion to suppress the evidence. *Accord Pangarakis v. State,* 468 S.W.2d 79, 80 (Tex.Crim.App.1971). Appellant's first point is overruled.

█ In his second point, appellant also contends the trial court erred in overruling the motion to suppress because the warrant, on its face, failed to comply with the requirements of article 42.18, section 14(a) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1989). The failure, says appellant, is that the warrant did not state that the Board has "reason to

believe" that the parolee had violated a condition of his parole. However, appellant's trial objections as to the warrant's validity and admissibility were based on the State's failure to produce a supporting affidavit. Thus, the trial objection varies from that raised in this point.

It is well established that if an objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any asserted error for appellate review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986); *Green v. State*, 682 S.W.2d 271, 275 (Tex.Crim.App. 1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); Tex.R.App.P. 52(a). Appellant's second point is overruled.

■ In his third through fifth points, appellant argues that article 42.18, section 14(a) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1989), is unconstitutional because (1) it allows for the issuance of an arrest warrant by the parole board on less than probable cause and by someone other than a neutral and detached magistrate, in contravention to the fourth and fourteenth amendments of the United States Constitution and article I, section 9 of the Texas Constitution; and (2) it violates the separation of powers doctrine.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court had occasion to explore and explicate upon the function of parole in the correctional process. In the course of that opinion, the Court made the cogent observations relevant to the instant case:

We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Cf. *Mempa v. Rhay*, 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254 (1967). Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.*, 408 U.S. at 480, 92 S.Ct. at 2600, 33 L.Ed.2d at 494. The Court, however, also noted that the conditional liberty of a parolee is valuable and within the protection of fourteenth amendment due process requirements.

The *Morrissey* explication noted above has been quoted with approval by our Court of Criminal Appeals, with the additional explication that a distinction may properly be drawn between the rights of a citizen who is merely accused of a crime and the rights of a criminal who is under the force of the penal system. *Bryant v. State*, 652 S.W.2d at 800–01.

■ As to appellant's complaint that the statute violates the separation of powers doctrine because it allows issuance of an arrest warrant by the parole board, instead of a neutral and detached magistrate, we see no such violation by the board's exercise of power to issue a "retaking" warrant for a parolee under its administrative control. Texas Constitution article IV, section 11 grants the legislature the power to establish a Board of Pardons and Paroles and to make laws effecting and affecting parole. The statute at bar is one governing the administration of paroles. In effect, it authorizes the Board to modify the custody of a prisoner under its supervisory control. If exercised in a proper manner, the Board's action is clearly within its constitutionally authorized power.

■ Having made that determination, we must scrutinize the statute to see if the mechanics prescribed therein for modification or termination of a parolee's conditional liberty sufficiently protect his constitutional right to due process. Article 42.18, section 15(a) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1989) prescribes those procedures. It provides for a public hearing to determine the accusations against the parolee within a specified time frame and allows the production by the parolee, if requested by him, of any

mitigating circumstances. Our examination of the statute satisfies us that the procedures enumerated therein do meet necessary due process requirements.

Accordingly, we find the statute to be constitutional and overrule appellant's third, fourth and fifth points. All of appellant's points having been overruled, we affirm the judgment of the trial court.