**FILED**
**Mar 12, 2024**
**08:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **ELISABETH CERVANTES,** | ) Docket No. 2022-08-0077 |
| **Employee,** | ) |
| **v.** | ) |
| **MATTHEW STEVEN PRUITT,** | ) |
| **Employer,** | ) **State File No. 2534-2021** |
| **And** | ) |
| **ARCH INSURANCE CO.,** | ) |
| **Carrier.** | ) |
| | ) **Judge Shaterra R. Marion** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

An Expedited Hearing was held on March 4, 2024, for injuries to Ms. Cervantes's left hip, low back, and head from a fall at work. Specifically, Ms. Cervantes requested treatment with a new physician because she stated her authorized treating physician did not have anything else to offer her. Mr. Pruitt countered that Ms. Cervantes cannot change treating physicians and was not entitled to additional treatment because her authorized treating physician released her twice, stating she has no need for future treatment.

The Court holds that Ms. Cervantes is not likely to show at a hearing on the merits that she is entitled to a new physician. However, the Court finds that her medical benefits have not been terminated. She therefore can return to her authorized treating physician for any reasonable and necessary treatment related to her work injury.

### History of Claim

Ms. Cervantes suffered an injury on December 11, 2020, when she slipped on ice and fell. She went to the emergency room with lower back and left hip pain. X-rays showed no fractures, and she was diagnosed with sprains.

Ms. Cervantes then saw panel physician Dr. Ramune Filipcic. Ms. Cervantes complained of headaches, so Dr. Filipcic ordered a CT scan of the head, which showed normal findings. Dr. Filipcic also ordered a spine MRI, which showed some small disc

bulges with mild arthropathy but no nerve impingement. However, she referred Ms. Cervantes for specialty care.

Ms. Cervantes chose Dr. Fereidoon Parsioon from a panel. He determined she did not need surgery, and after sending her for work conditioning and a functional capacity evaluation, placed her at maximum medical improvement. He assessed no permanent impairment and anticipated no need for future medical treatment. He noted that he would see her on an as-needed basis.

Ms. Cervantes returned to Dr. Parsioon a month later with increased pain, but after x-rays showed no fractures and very mild disc degeneration, the doctor reiterated that she did not need surgery. He also stood by his opinion that she was at maximum medical improvement with no permanent impairment.

Ms. Cervantes testified that after she returned to work, her pain worsened. She stated that she tried to return to Dr. Parsioon, but the carrier did not approve another visit. She then returned to Dr. Filipcic, who, according to Ms. Cervantes, placed restrictions. Dr. Filipcic offered to refer her to another specialist, but the carrier declined approval.

After denial of the referral, Ms. Cervantes sought unauthorized treatment with Dr. John Dockery. He reviewed her x-rays, planned to do an ultrasound, and performed a hip injection. Dr. Dockery completed a questionnaire in which he stated that Ms. Cervantes's symptoms were more than 50% related to her work injury. Ms. Cervantes requested that Dr. Dockery or a doctor other than Dr. Parsioon become the authorized treating physician.

Mr. Pruitt argued that Ms. Cervantes previously admitted that he had provided all treatment to which she was entitled, so she is precluded from asking for additional treatment. Further, because Dr. Parsioon has released her twice, with no anticipated future treatment, she is not entitled to a return visit.

### Findings of Fact and Conclusions of Law

Ms. Cervantes must show she is likely to prevail at trial in establishing that she is entitled to have Dr. Dockery as her authorized treating physician. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds she has not met this burden.

The law requires an injured employee "to accept the medical benefits" provided by the employer, which includes a panel of "three or more independent reputable physicians . . . from which the employee shall select one to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2023). Once selected, that physician is the authorized treating physician until the physician declines to continue treating the employee. *Limberakis v. Pro-*

*Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017). The employer may also voluntarily provide a new panel of physicians.

Neither situation occurred in Ms. Cervantes's case. Dr. Parsioon has twice stated that Ms. Cervantes is at maximum medical improvement, but he has not declined to see her. The carrier has refused to allow her to see Dr. Parsioon. Additionally, Mr. Pruitt has not voluntarily provided a new panel.

In support of her position, Ms. Cervantes offered Dr. Dockery's medical records and causation letter. While Dr. Dockery related Ms. Cervantes's current symptoms to her work injury, no records state that Dr. Parsioon declined to treat her for these symptoms. Thus, Ms. Cervantes did not carry her burden of proving that she is entitled to a new authorized treating physician.

The Court disagrees that the previous admission prohibits Ms. Cervantes from seeking additional medical treatment. The Tennessee Court of Appeals has held that "[a] party is not ordinarily bound by admissions or averments of legal conclusions." *Old Hickory Coaches, LLC v. Star Coach Rentals, Inc.*, 652 S.W.2d 802, 813 (Tenn. Ct. App. 2021). Here, finding whether Ms. Cervantes already received all treatment she is entitled to is a legal conclusion, so the Court holds that Ms. Cervantes is not bound by this admission.

Section 240(d) allows parties to settle the issue of future medical benefits once reviewed and approved by a judge. But "[u]nless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury." *Limberakis*, at *7.

Here, Ms. Cervantes testified that, after Dr. Parsioon released her to return to work, her pain increased. She stated that she returned to Dr. Filipcic after the carrier denied her return to Dr. Parsioon.

The Court has not terminated Ms. Cervantes's medical benefits, no settlement has been reached terminating them, and Dr. Dockery relates her current complaints to her work injury. Therefore, she has proven that she is still entitled to reasonable and necessary medical treatment causally related to her work injury. That includes a return visit to her authorized treating physician, Dr. Parsioon.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Cervantes's request to have Dr. Dockery as her authorized treating physician is denied.

2. Ms. Cervantes is allowed to return to her authorized treating physician, Dr. Parsioon, for any reasonable and medical treatment he relates to her work injury.

3. The Court sets a status conference on **April 9, 2024, at 1:30 p.m. Central Time.** The parties must call **866-943-0014** to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions as to compliance, contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED March 12, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Medical Records Submitted by Employer
2. Medical Records Submitted by Employee
3. First Report of Injury
4. Requests for Admission

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request, along with Affidavit of Elisabeth Cervantes, filed April 14, 2023
4. Order on Status Hearing, filed December 5, 2023
5. Order on Status Hearing, filed February 5, 2024
6. Employer's Prehearing Brief, Exhibit List, and Witness List
7. Order Granting Motion to Deem Requests Admitted, filed March 8, 2023
8. Employee's Amended Responses to Requests for Admission, filed October 27, 2023
9. Employer's Response to Employee's Amended Answers to Request for Admissions Propounded, filed November 6, 2023

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 12, 2024.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Elisabeth Cervantes, Employee | X | X | 387 Comanche Drive Millington, TN 38053 elisadomingo@live.com |
| Lauren Poole, Employer's attorney | | X | lmpoole@mijs.com hjrowland@mijs.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*