**John Terry PANGARAKIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43840.**

Court of Criminal Appeals of Texas.

June 16, 1971.

Fred Marsh, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Vic Driscoll, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. A prior offense of like character was alleged for enhancement. The punishment was assessed by the jury at forty-one years.

The sufficiency of the evidence is not challenged. Most of the complaints on appeal are in regard to the arrest and the seizure of heroin in appellant's home.

The record reflects that Officers Gilbert Gonzales and K. R. Dunlap of the Houston Police Department had information that would indicate that someone was selling narcotics at 212½ Delmar Street in Houston. Upon investigation the officers found that John Pangarakis lived at the house and that a warrant existed for him because he was a parole violator. The officers then went to the home of Pangarakis. A woman who came to the door informed the officers that appellant was asleep in the bedroom.

The officers entered and found Pangarakis on the bed asleep. They arrested him and found two plastic syringes with needles in his pockets. They also found some cotton and a burnt spoon on a dresser by the bed. After this, Pangarakis was warned of his right to remain silent and to an attorney prior to making any statement. He was then asked if he had more "stuff." He stated that they would find it anyway and then reached into a drawer of the dresser by the bed and took out a plastic vial which contained twelve wax paper packages of brownish powder. This was later shown to be 2.6 grams of heroin, enough for some forty-eight to sixty injections. A chemist testified that the needles and syringes contained 0.6 and the spoon 1.5 milligrams of heroin.

Appellant complains that the officers " * * * had not exercised sufficient diligence to determine or receive a warrant or take a warrant with them." No contention was made at the time of the trial that no warrant existed.

The officers testified that they ascertained that a warrant for the arrest of the appellant as a parole violator existed. They also obtained the number of the warrant.

Article 15.26, Vernon's Ann.C.C.P., provides as follows:

"In executing a warrant of arrest, it shall always be made known to the accused under what authority the arrest is made. The warrant shall be executed by the arrest of the defendant. The officer need not have the warrant in his possession at the time of the arrest, provided the warrant was issued under the provisions of this Code, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of arrest he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued."

We hold there was sufficient evidence for the trial judge to conclude, as he did, that the officers were authorized to make the arrest even though they did not have the warrant in their possession at the time.

If it could be assumed that the officers seized the heroin as a result of a search, no error would be shown. Their right to search extended to the dresser which was within reach of the appellant.

Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, relied upon by the appellant, would not render the search invalid because, for one reason, that decision has been held not to be retroactive. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388. See also Thornton v. State, Tex.Cr.App., 451 S.W.2d 898. Chimel was decided June 23, 1969. This heroin was taken by the officers on May 21, 1969, more than a month earlier.

Apparently the heroin was lawfully obtained as a result of an oral confession, but we do not need to decide that question. No error concerning the acquisition of the heroin has been shown.

The appellant now complains that the proof of the prior conviction for the possession of heroin was insufficient to show a valid conviction. This was shown by the use of penitentiary records and fingerprint testimony which has been approved in many cases. See Gibson v. State, Tex.Cr.App., 434 S.W.2d 851.

At the time of the trial the only objection to the prior conviction evidence was that it was hearsay. By a "Motion To Quash The Indictment and Suppress The Evidence" filed by the appellant, it was alleged that he was not advised of his right to appeal. He relies upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

The prior conviction, dated November 26, 1963, for possession of heroin shows that he was represented by F. Salazar and was assessed a punishment at ten years on a plea of guilty with the "sentence to begin August 4, 1963." F. Salazar represented the appellant on four other prior convictions on pleas of guilty dated November 26, 1963, with all five sentences to begin on the same date and are as follows:

| No. 106,126 | burglary of railroad car | five years |
| No. 106,127 | theft | ten years |
| No. 106,420 | burglary | ten years |
| No. 106,421 | theft | ten years. |

The record in the present case does not show indigency or an attempt to show that he was indigent at the time of the previous convictions.

There is no showing that counsel was not capable and no showing that appellant was not properly advised of his rights by counsel.

From this record it would appear that the five pleas of guilty with apparent cred-

it for the time he had been incarcerated was a result of plea bargaining. There is no showing that appellant did not waive his right to appeal. See Hathorne v. State, Tex.Cr.App., 459 S.W.2d 826, 834.

The record contains no reversible error. The judgment is affirmed.

ODOM, J., not participating.