NUMBER 13-04-435-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

JOHN ANTHONY HINOJOSA,                                                        Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

          On
appeal from the 319th District Court of Nueces County, Texas.

 

                                MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Yañez

 








A jury convicted appellant, John Anthony Hinojosa,
of aggravated robbery[1]
and the trial court assessed his punishment at fifteen years= imprisonment. 
In two issues, appellant contends the trial court erred in (1) denying
his motion to suppress his identification by the  victim because the identification was tainted
by appellant=s illegal arrest and (2) overruling his objection to
improper jury argument.  The State
contends appellant waived both issues. 
We affirm.

The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[2]

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[3]

Motion to Suppress Identification

In his first issue, appellant challenges the denial
of his motion to suppress because his identification by the victim of the
robbery resulted from an illegal arrest. 
Specifically, appellant contends his arrest was illegal because the
State failed to produce any arrest warrant at trial.  We begin by addressing the State=s waiver argument. 








The State contends appellant waived this issue
because his pre-trial motions to suppress were insufficiently specific to
inform the trial court of his complaint. 
Specifically, the State argues appellant=s
pre-trial motion to suppress the photo line-up did not complain that the
line-up was the fruit of an illegal arrest.[4]  Moreover, the State argues appellant waived
any challenge to the line-up on grounds that it resulted from an illegal arrest
because at trial, appellant=s counsel Ajust@ renewed his objection to admission of the photo
line-up on grounds it was impermissibly suggestive, and thereby impliedly
waived any objection on other grounds. 
The State further argues that appellant=s
motion to suppress evidence relating to his illegal arrest failed to specify
which evidence appellant sought to suppress.

When a court overrules a defendant=s pretrial motion to suppress evidence, the
defendant need not subsequently object to the admission of the same evidence at
trial to preserve error.[5]  However, when a defendant affirmatively
asserts during trial he has Ano objection@ to the admission of the complained-of evidence, he
waives any error in the admission of the evidence despite the pre‑trial
ruling.[6]  

Here, appellant filed several pretrial motions to
suppress.  One of the motions argued that
because the photo line-up was impermissibly suggestive, there was a substantial
likelihood of misidentification.  The
motion requested that witnesses who had seen the allegedly suggestive line-up
be prohibited from identifying appellant. 
In a second motion to suppress, appellant argued that Aany and all evidence@
relating to his arrest should be suppressed because his arrest was
illegal.  The court specifically denied
each motion.  

We conclude that appellant=s motion to suppress complaining that his arrest was
illegal was sufficient to preserve his complaint on appeal.  Accordingly, it was unnecessary  for appellant to object at trial to the
admission of evidence relating to his identification.[7]  We hold appellant did not waive his right to
challenge the admission of evidence relating to his identification. 








                                        Standard
of Review and Applicable Law

A trial court's ruling on a motion to suppress is
generally reviewed for abuse of discretion.[8]  In a suppression hearing, the trial judge is
the sole trier of fact and judge of the credibility of
the witnesses and the weight to be given to their testimony.[9]  In reviewing a trial court's ruling on a
motion to suppress, we afford almost total deference to the trial court's
determination of the historical facts that the record supports, especially when
the trial court's findings turn on evaluating a witness's credibility and
demeanor.[10]  We afford the same amount of deference to the
trial court's ruling on Aapplication of law to fact questions,@ also known as Amixed questions of law and fact,@ if resolving those ultimate questions turns on
evaluating credibility and demeanor.[11]  However, we review de novo questions
of law and Amixed questions of law and fact@ that do not turn on an evaluation of credibility and
demeanor.[12]   








 Where, as
here, no findings of fact are filed by the trial court, Awe view the evidence in the light most favorable to
the trial court's ruling and assume that the trial court made implicit findings
of fact that support its ruling as long as those findings are supported by the
record.@[13]  We uphold a
trial court=s ruling on a suppression motion if it is reasonably
supported by the record and is correct on any theory of law applicable to the
case.[14]

Appellant contends the trial court erred in denying
his motion to suppress evidence of his identification by the victim because
both Athe booking photo identified in the lineup and
Appellant=s person identified in court were fruits of the
illegal arrest.@

An accused seeking to suppress evidence on the basis
of illegal police conduct bears the burden of proof to rebut a presumption of
proper police conduct.[15]  The accused satisfies the burden by proving
the police acted without a warrant.[16]  The burden then shifts to the State to either
produce a warrant or prove the reasonableness of the challenged conduct.[17]  If the State produces a warrant, the burden
of proof again shifts to the accused to show the invalidity of the warrant.[18]  If the State is unable to produce a warrant,
it must prove the reasonableness of the search or seizure.[19]  The State may demonstrate reasonableness by
proving probable cause.[20]  The State must prove probable cause by a
preponderance of the evidence.[21]








At the suppression hearing, one of the arresting
officers testified that appellant was arrested on the basis of an outstanding
warrant from San Patricio County for a violation of probation.  He testified he and the other arresting
officers verified the warrant=s existence by checking with the police
dispatchers.  He also testified, however,
that the officers did not have the warrant in their possession.  At the suppression hearing, the robbery
victim identified appellant as the robber.

Assuming, without deciding, that appellant met his
burden of showing that the police acted without a warrant, the burden shifted
to the State to produce the warrant or prove the reasonableness of the
challenged conduct.[22]  Here, the police received two anonymous tips
naming appellant as a suspect in the robbery and identifying his location.  After determining that appellant had an
outstanding warrant for a probation violation, the police went to the location
and arrested him for violation of his probation.  We conclude that the conduct of the police
was reasonable.








An anonymous telephone call, like the one in this
case, will provide sufficient justification for police officers to initiate an
investigation.[23]  Because the anonymous telephone call provided
sufficient justification for the police to initiate an investigation, the
officers were justified in checking to determine whether appellant had any
outstanding warrants.[24]  After learning of the existence of an  outstanding warrant for appellant=s arrest  on a
probation violation, the officers took him into custody pursuant to the
outstanding warrant.  There was no
necessity for the officers to have the arrest warrant in their possession at
the time of the arrest.[25]  We hold there was sufficient information for
the trial court to conclude that the officers were authorized to make the
arrest.  Accordingly, we find no abuse of
discretion in the trial court=s denial of appellant=s
motion to suppress.        

Moreover, any error by the trial court in admitting
evidence of appellant=s identification based on the photo line-up was
rendered harmless by the victim=s in-court identification of appellant. 

When an appellant contends the trial court erred in
allowing the in‑court identification, he carries a heavy and difficult
burden.[26]  Even if impermissibly suggestive procedures
were employed during the pre‑trial identification, Aa subsequent in‑court identification may
nonetheless be permitted if the State demonstrates by clear and convincing
evidence at the trial level that the pre‑trial procedure did not taint
the in‑court identification and that the testimony was the product of an
independent source, namely the observations made at the time of the offense.@[27]  Where the
State shows an independent origin for the in‑court identification, an
impermissible pre‑trial procedure does not create a Avery substantial likelihood of irreparable
misidentification.@[28]








The factors to be considered in determining the
origin of the in‑court identification include (1) the prior opportunity
to observe the alleged criminal act, (2) the existence of any discrepancy
between any pre‑lineup description and the defendant's actual
description, (3) any identification of another person prior to the lineup, (4)
the prior identification of the defendant by the witness prior to the lineup,
(5) failure to identify the defendant on a prior occasion, and (6) the lapse of
time between the alleged act and the lineup identification.[29]  The court of criminal appeals has repeatedly
stated that if the totality of circumstances reveals no substantial likelihood
of misidentification, despite the suggestive identification procedure, the
identification testimony will be deemed reliable, and therefore admissible.[30]

Here, the robbery victim, a clerk at a Circle-K
store, testified at the suppression hearing that he (1) got a good look at the
robber=s face, (2) looked at the robber the entire time of
the robbery, which lasted about three minutes, and (3) was about two feet from
the robber during the incident.  The
robbery occurred on April 25, 2003. 
Approximately eleven days later, the victim identified appellant from
the photo line-up.  He also identified
appellant at the suppression hearing, which occurred on November 7, 2003.  The offense report states that the victim
described the robber as weighing approximately 160 pounds.  At the suppression hearing, however, the
victim admitted that appellant weighs considerably more than 160 pounds.   

Under the totality of the circumstances, we conclude
there is no substantial likelihood of misidentification, despite any
impermissible pre-trial procedure.[31]  We hold the trial court did not err in
allowing the victim to identify appellant in open court.  








We conclude error in the admission of evidence of
the out-of-court identification of appellant, if any, was rendered harmless by
the properly-admitted in-court identification by the same witness.[32]  We overrule appellant=s first issue. 
         

Improper Jury Argument

In his second issue, appellant contends the trial
court erred when it Ain effect overruled@ his
objection to improper jury argument. 
Specifically, appellant complains that during closing argument, the
prosecutor improperly referred to Atwo Crime Stoppers tips@ implicating appellant in the robbery.[33]  The State argues that appellant=s failure to pursue his objection to an adverse
ruling waived any error.  We agree that
nothing is presented for our review.  








A[A] defendant's failure to object to a jury argument
or a defendant's failure to pursue to an adverse ruling his objection to a jury
argument forfeits his right to complain about the argument on appeal.@[34]  The proper
method to preserve error is to: (1) make a timely objection and secure a
ruling; (2) if the objection is sustained, request the trial court to instruct
the jury to disregard the statement; and (3) if the instruction is given, move
for a mistrial.[35]  An objection to argument must be pressed to
the point of procuring a ruling or the objection is waived.[36]  Here, the trial court=s statement that A[t]he
jury will remember what was in evidence@ is not sufficient to preserve error; nothing is
preserved for our review.[37]  We overrule appellant=s second issue.

The judgment of the trial court is AFFIRMED. 

                                                                                          

 

_______________________

LINDA REYNA YAÑEZ

Justice

 

 

Concurring memorandum opinion by

Justice Errlinda Castillo

 

Do not publish.                                              

Tex. R. App. P. 47.2(b)

 

Memorandum Opinion delivered and 

filed this the 6th day of October, 2005.











[1] See Tex. Pen. Code Ann. ' 29.03 (a)(2) (Vernon 2003).





[2] 
See Tex. R. App. P. 25.2(a)(2).





[3] 
See Tex. R. App. P. 47.4.





[4] The robbery victim identified
appellant from the photo line-up.





[5] Moraguez v. State, 701
S.W.2d 902, 904 (Tex. Crim. App. 1986). 





[6] Id.  





[7] Id.





[8] See Ford v. State, 26 S.W.3d 669, 672 (Tex. App.BCorpus Christi 2000, no pet.)
(citing Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999)).





[9] State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 





[10] State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 





[11] Ross, 32 S.W.3d at 856; Guzman,
955 S.W.2d. at 89. 





[12] Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d. at 89. 





[13] Ross, 32 S.W.3d at 855.  





[14] Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996).





[15] See Ford v. State, 158
S.W.3d 488, 492 (Tex. Crim. App. 2005) (holding defendant bears initial  burden of producing evidence rebutting
presumption of proper police conduct and satisfies this burden by establishing
that a search or seizure occurred without a warrant); McGee v. State,
105 S.W.3d 609, 613 (Tex. Crim. App. 2003); Moreno v. State, 124 S.W.3d
339, 344 (Tex. App.BCorpus Christi 2003, no pet.).





[16] Moreno, 124 S.W.3d at 344.





[17] Id.   





[18] Id.  





[19] Id.





[20] Id.





[21] Id.





[22] Moreno, 124 S.W.3d at 344.





[23] Clemons v. State, 605
S.W.2d 567, 570 (Tex. Crim. App. 1980); Davis v. State, 989 S.W.2d 859,
863 (Tex. App.BAustin 1999, pet. ref'd). 





[24] Clemons, 605 S.W.2d at 570.





[25] See Tex. Code Crim. Proc. Ann. art. 15.26 (Vernon 2005); Pangarakis
v. State, 468 S.W.2d 79, 80 (Tex. Crim. App. 1971) (holding that upon
investigating information that defendant was selling narcotics, officers  learned of the existence of a warrant for a
violation of defendant=s parole; the officers were
authorized to make an arrest even though they did not have the warrant in their
possession at the time). 





[26] Loving v. State, 947 S.W.2d
615, 617 (Tex. App.BAustin 1997, no pet.). 





[27] Ford v. State, 794 S.W.2d
863, 866 (Tex. App.BEl Paso 1990, pet. ref'd).





[28] Herrera v. State, 682
S.W.2d 313, 318 (Tex. Crim. App. 1985); Ford, 794 S.W.2d at 866.





[29] Neil v. Biggers, 409 U.S.
188, 199-200 (1972).





[30] Delk v. State, 855 S.W.2d
700, 706 (Tex. Crim. App. 1993).





[31] See Ford, 794 S.W.2d at
866. 





[32] See Tex. R. App. P. 44.2; In 
re G.A.T., 16 S.W.3d 818, 826 (Tex. App.BHouston [14th Dist.] 2000, pet.
denied); Townsend v. State, 853 S.W.2d 718, 720 (Tex. App.BHouston [1st Dist.] 1993, no pet.).





[33] During closing argument, the
following exchange occurred:

 

State: Well, [the victim] is not
the only person who thinks that man [Appellant] committed aggravated
robbery.  We have two Crime Stoppers
tips.  Crime Stopper tip number one.  After the videotape was played on the TVC 

 

[Defense counsel]: Objection, Your
Honor.  He=s referring to an anonymous Crime
Stoppers tip that, I believe, that assumes facts not in evidence, in terms of
the report . . .

 

[The Court]: The jury will remember what was in evidence.





[34] Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). 





[35] See Tex. R. App. P. 33.1; Cockrell, 933 S.W.2d at 89.; Coe
v. State, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984). 





[36] Lewis v. State, 664 S.W.2d
345, 349 (Tex. Crim. App. 1984) (holding trial court=s statement that the jury would
determine the evidence was insufficient to preserve error).





[37] See DeRusse v. State, 579
S.W.2d 224, 235 (Tex. Crim. App. 1979) (holding that statement by the trial
court that the jury would remember the evidence is insufficient to preserve
error); Mayberry v. State, 532 S.W.2d 80, 84 (Tex. Crim. App. 1975)
(holding statement that the jury will recall the evidence presents nothing for
review).